M’Girk, C. J.,
delivered the opinion of the Court.
Sarah Long, administratrix of B. Long, brought an- action of covenant against Martin, for a breach of a covenant of seizin. Judgment by default was taken, and on the execution of the writ of inquiry, the defendant appeared and took a bill of exceptions. The plaintiff’s declaration is in substance as follows: that on the 30th day of Dec., 1828, the said Martin by his deed poll, for and in consideration of the sum of $1,000 to him in hand paid by said B. Long, granted, bargained,and sold, and conveyed unto the said Long a certain tract of land-in the county of St. Louis, (setting out the boundaries,) con'aining 75 acres 32-100; also one other tract adjoining the before described tract, bounded as follows: beginning in the westwardly boundary of the before mentioned tract at a rockr &c., setting out the boundaries as before, containing 46 acres and- 65-100, making in all 121 acres and 97-100, the last described tract being a part of the original survey of Wm. Griffin. The lands by the said deed conveyed being three-sevenths of 328 arpents, which descended to the children of John Whitset and his wife Phebe, which said lands the said Martin pur *277 chased of Owen Wingfield, who married one of the heirs, and acquired the other two-thirds or shares by purchase from Mitchell Hatton and Isaac Voteau, who. married two of the heirs of said Whitesides. And the said Martin in and by said deed covenanted with said Benj. Long that he was seized of a good and perfect title to said lands, and that he would warrant and forever defend the title to the same, &c. The declaration then avers for breach, &c., that Martin was not seized, &c. On the' trial the defendant moved the Court to instruct the jury, that the measure of da nages wa not the consideration money and interest, but only such damages as he proved he actually sustained, which the Court refused to give ; but instructed the juiy that the measure of damages would be the consideration money and the interest thereon, which opinion and instruction were excepted to. The only question for us to consider is, what shall be the measure of damages in such a case as this. It is admitted that such is the rule as above laid down by the Court, where the party had at the' time of making the deed, no estate in the land ; but it is insisted by Mr. Gamble for the defendant, that by the declaration in this case, it appears the plaintiff' only sold a life estate in the land, and that then the covenant of seizin is only a covenant of seizin of life estate. He then contends that although the default admits this covenant is broken, yi-t the plaintiff by his own declaration in setting out the deed, shows by the recitals in the deed that Martin has in fact a life estate in the land. We are clearly of opinion that Martin only sells a life estate, he uses no words of perpetuity, the word heirs is wanting. We are-also satisfied that the covenant of seizin is as large as the life estate, and no larger. He has also dearly admitted by his default, that the covenant of seizin of that life estate is broken. Now what should in justice be the measure of damages ; no rule appears to be less unjust as to the covenantor, than that he should at least pay the money back which he got for the land, which he did not own, and that he should pay no interest thereon. This rule has been applied' to the case ; but the defendant says the plaintiff has shown that in truth he had a life estate in the premises, and so his covenant is not broken. Let us look into this matter. The plaintiff' alledges that the last mentioned piece of land is the same land which Martin purchased of Voteau and Winfield, who married two of the heirs of Whiteside, deceased; hence the defendant concludes that the plaintiff means to affirm by these words, that Martin held from them and sold to him. onif the estate which he purchased of Voteau atrd Winfield, and that Winfield and Voteau were by the marriage tenants for life, and that they are yet living ; that therefore the estate they sold to Martin still subsists, so no breach of the covenant. We are well satisfied that the plaintiff only mentions these people with a view more clearly to show what land hs had bought and not what title. The covenant declares the title is good and perfect, and that the grantor is seized; this must be true under the coremaní, whether he purchased frem Voteau and Winfield or not. Let the judgment of the Circuit Court be affirmed.