## COLGAN v. SHARP.

1. Action of covenant and breach assigned, for not making deed on a certain day—plea, that def. attended at the time and place, and offered to make the deed—and that pltf. then and there waved the same and excused the def. from making it.—Held to be a good plea.
2. It is no objection to such a plea, that there were other breaches assigned, and that the plea does not answer them all—provided such breaches are answered severally by separate pleas.
3. Such a plea is admissible *at law.* Tompkins J. dissenting on this point.
4. More than nominal damages may be recovered on the covenant sued on, the breach of which is assigned.
5. No affidavit of the merits of an issuable plea is necessary, when there is evidence on file before the court, fully establishing the truth of such plea.

Opinion delivered by McGirk J.

Sharp brought an action of covenant on a deed against Colgan.—The declaration sets out the covenant to be, that on the 21st of November, 1818, Colgan covenanted with Sharp "that for and in consideration of five hundred dollars, all to be paid in cash except one sorrel horse, which is to be valued at his worth in cash by indifferent men,—the said Daniel Colgan has bargained and sold unto said Benjamin Sharp forty arpens of land, in the village of Cote Sans dissien and near the lower end thereof, being the possession which Colgan purchased of the late Jesse Evans. The said Colgan is to warrant and defend to the said Sharp, his heirs and assigns and is to attend at Sharp's house on the first day of January next, to receive the horse, and to perfect this agreement, by giving the necessary obligations for securing and confirming the title of the said land in general warranty to the said Sharp, his heirs and assigns. The said Colgan is forthwith to put the said Sharp in possession of the forty arpens of land, and as the same is now in possession of a certain Asa Williams, the said Sharp is to receive all the rents

MAY TERM
1836.

Colgan
v.
Sharp.

and profits arising therefrom, upon the said contract.—
For the true performance of the above agreement, the
parties bind themselves &c. in the sum of one thousand
dollars."

The plaintiff assigns for breaches, that Colgan did not
attend at his house to make the necessary obligation to
secure the title in general warranty. 2. That Colgan did
not put him in possession. 3. That Colgan did not per-
mit him to receive the rents and profits &c.

The defendant pleaded that he had put Sharp in posses-
sion, that he had allowed him to enjoy, and that he did
enjoy the rents and profits, &c.

And as to the first breach Colgan pleaded, that on the
day and at the place, Colgan attended and offered to said
Sharp to make the necessary deed &c. and that sharp re-
fused to accept the same.

The plea then goes on to allege that Sharp said and the
defendant agreed that the bond already in execution was
as good a deed as could then be made. Both parties
agreed to let the matter rest for the present, and so the
matter rested. The plaintiff took issue on the tender and
said nothing as to the excuse. On the trial the defendant
proved the excuse, but gave no proof of the tender; and
Sharp's counsel asked the court to instruct the jury that
the evidence was not competent to prove a tender; the
court refused the instruction, and for this refusal, this
court reversed Colgan's judgment, and the cause was re-
manded without any order for amending the pleadings.
When the cause went back to the circuit court, the def.
offered to plead the fact as stated above, to wit: that he
attended at the time and place, and then and there offer-
ed to perfect said agreement by then and there offering
to make, execute and deliver to Sharp the necessary obli-
gations in said agreement specified to secure and confirm
to Sharp, his heirs and assigns, according to the true in-
tent, tenor and effect of said memorandum of an agree-
ment, the title in general warranty to said Sharp, he
the said Colgan, being then and there ready and willing
to make the same, and that when he the defendant so
offered to perfect said agreement, the plaintiff then and
there waved the same, and excused the defendant from
making and executing the said obligation at the then pres-
ent time—and thereupon it was agreed by and between
the plaintiff and defendant, that the said memorandum of
agreement if recorded, would be as good an agreement
to secure and confirm said title to the land, as any new
deed could be, and the said Sharp then excused Colgan

MAY TERM 1836.

Colgan
v.
Sharp.

from making any other deed till afterwards requested. —The defendant also offered another plea to the same effect, nearly as the above. The court refused to admit these pleas, and the defendant excepted to this refusal.— The parties then went to trial, the plaintiff had judgment, and the court assessed the plaintiff's damages, allowing the original consideration and the interest, and refused to allow Colgan any deduction for rents and profits.

The first point made by the counsel of Colgan is, that the court erred in refusing to allow the amended pleas to be put in. It is objected by Mr. Wells for Sharp, that these pleas are not issuable, that is, they are subject to demurrer. The objection to these pleas is, that they profess in the commencement to be an answer to the whole action, and then only answer one breach, that is, they only answer the breach of failing to make further assurance; and to sustain this, the counsel cites, 1st Chitty's pleading 411. It is true that Chitty does so lay down the law to be, and cites for proof 1st Saunders Rep. 28, note 1, 2 and 3. The notes make out the rule to be, that where the plea in its commencement professes to be an answer to the whole declaration or count, and in truth is only an answer to a part, the plaintiff may demur and cannot take judgment for the part unanswered. But the thing unanswered, must be material to the gist of the action.

*Action of covenant and breach assigned, for not making deed on a certain day—plea, that def. attended at the time and place, and offered to make the deed—and that plaintiff then and there waved the same, and excused the def. from making it.—Held to be a good plea.*

This rule as a general rule, if intended to be applicable to all pleas commencing in answer to the whole action and only answering part, cannot be founded in justice, and cannot promote the attainment of justice. Suppose the rule general and universal, and then apply it to the case before us, and injustice would be done. Here the plea begins, by saying the plaintiff ought to be barred of his action, because the defendant says Sharp excused him from making the deed. Now if there was no other plea filed in the case, the breach that Colgan refused to let Sharp have the rent, would be unanswered, and so would the breach, that Colgan refused to put Sharp in possession be unanswered. But in this case, both these breaches are answered severally by separate pleas, and the plaintiff is not under the necessity to demur to compel his adversary to give an answer to his whole demand. This right to demur is only intended as a weapon in the hands of the plaintiff to force the defendant to answer all or none. In this case the reason why a demurrer would be allowed at all, does not exist; he therefore ought not to be allowed to demur for the cause alleged, and if he did,

*It is no objection to such a plea, that there were other breaches assigned and that the plea does not answer them all—provided, such breaches are answered severally by separate pleas.*

it should be stricken out, because the case is not within the reason, object or justice of the rule.

It was the duty of the court to look into the state of the pleading when the amendment was offered and see how one part of the defence would affect the merits of the case, and allow the pleading to be so amended as to put all the merits in issue. This was not done, and in our opinion these pleas ought to have been received.

Such a plea is admissible *at law.*— Tompkins J. dissenting on this point.

The next objection to these pleas is, that the matter of the pleas would not form any defence at law for the defendant. It is first said, this plea seeks to change or enlarge the time for performance, by a parol agreement, and is within the statute of frauds, it not being in writing.

To this objection it is answered by Mr. Hayden for Colgan, that the agreement here pleaded does not diminish or enlarge any interest already existing, nor does it create or attempt to create any new interest concerning land. We think there is force in this answer. The quantity of the right of the plaintiff is not at all changed, but the time of performing the duty is postponed. We will not at this time undertake to decide positively that the matter of the plea is pleadable at law, but a majority of the court feel strongly inclined to think it may be available if the parties were mutually mistaken as to the effect of the agreement, and should for that reason cease all action by consent; justice requires that neither should gain any advantage over the other. And why cannot the law do this justice? No discovery is wanted; no aid from a court of equity is needed to find out the truth.— When Sharp formed the memorandum, was not the thing necessary to secure him the title, all he had to do would be to make his request to Colgan to proceed to fulfil his covenant, and if Colgan could not or would not, then Sharp might with justice complain.

More than nominal damages may be recovered on the covenant sued on, the breach of which is assigned.

What ought to be rules of damages in this case we are not entirely satisfied—a majority of the court however, incline rather to the opinion that the rule of damages adopted in this case is about the best general rule.

No affidavit of the merits of an issuable plea is necessary, when there is evidence on file before the court, fully establishing the truth of such plea.

For the error of refusing the leave to file the pleas, the judgment ought to be reversed.—Some objection was made to filing these pleas, on the ground that there was no affidavit of merits, and of the truth of the pleas. The evidence on file which the court heard, fully established the truth of the pleas, so as to enable the court to know the defendant was not trifling with the court.

Judgment reversed and remanded, with leave to file the pleas on paying the costs thereof.

TOMPKINS J.

Colgan, in my opinion, has broken his covenat with Sharp, and at law, it will avail him nothing to say that Sharp dispensed with his performance of his contract for the time. In a court of chancery this excuse might avail him, to induce the court to decree that Sharp should be compelled to receive yet, a title to the land, as he had caused the defendant to be careless in keeping his covenant. In the rest of the opinion I concur.