### Collins v. Adm'r of Clamorgan.

Error to the Circuit Court of St. Louis county.

An estate was granted to A with a condition annexed, that she should not sell or incumber the same before attaining the age of twenty five years, B, with a full knowledge of this condition, took a conveyance of the estate from A previous to her attaining that age.— After attaining the age of twenty-five years, A conveyed the estate to C who evicted B. Held, that in an action of covenant by B against A, the consideration money paid by B to A, and interest thereon, were the true measure of damages, and not the present value of the property.

Opinion of the court delivered by Tompkins Judge.

Collins brought his action of covenant against Apoline Clamorgan; judgment was given for Collins and he here prosecutes his writ of error to reverse the judgment.

The testimony given in the cause shews that on the 8th day of November in the year 1803 at St. Louis in the then province of upper Louisiana, Joseph Brazeau by deed gran-

NOV. TERM
1839.

Collins
vs,
Adm'r of Cla.
morgan.

ted to Eutrope Clamorgan, Apoline Clamorgan and Cyprian Clamorgan a certain lot of ground in the said village of St. Louis upon the burthen and condition of not being able to use the said lot or selling it, incumbering or pledging it, before the youngest of them should have arrived at the age of twenty-five years when by consent they might all dispose of it, and in case one or more of them should die before the age of twenty-five the survivor or survivors should inherit to such deceased. On the 21st day of September 1827, Apoline Clamorgan conveyed by deed the said lot to Charles Collins the plaintiff in this action, both Eutrope and Cyprian Clamorgan being then dead, on the 29th day of July 1828, she conveyed the same premises to Alexander Frye r.

The consideration paid by Collins was three hundred dollars. Apoline made the sale to Collins before she had attained the age of twenty-five, Fryer brought his action against one Dougal the alienee of Collins for the possession of the premises, and evicted him, and the present action was brought by Collins against the administrator of Apoline Clamorgan to recover damages. In the case of Dougal vs. Fryer decided by this court [see 3 vol. Mo. Decision p. 43] it is decided that she could not convey the premises before she had arrived at the age limited by the deed, altho' by the American law introduced since the execution of Brazeau's deed the age of majority was fixed at twenty-one years. The question now to be decided by this court is, what shall be the measure of the damages which the plaintiff may recover in this action. The plaintiff in the circuit court prayed that the jury be instructed that the measure of his damages was the present value of the property, and not the purchase money with interest. This instruction was refused, and the jury were instructed that the consideration paid by Collins to Apoline and interest on it was the true measure of damages. This instruction is assigned for error and is the sole point to be decided. Collins' counsel, to sustain his point relies on the case of McConnell's heirs vs. Dunlap's devisees Hardens' Rep. page 41, McConnell in his life time had sold to Dunlap five hundred acres of land, he had title to no more than one ha f of it, and of this

McConnell could not have been ignorant as the warrant to locate the land had been furnished by one Patrick to whom one half of the land belonged, in consideration of his having furnished the warrant, Dunlap was not informed by McConnell of the fact. It is not pretended that Collins was ignorant of the provisions of the deed by which Brazeau conveyed to Apoline, we are not to presume, that he would have taken a deed without seeing her title papers. He was not informed by her of the law of the case; every person must be supposed to make his contract with a knowledge of the law governing the case. Collins, then having seen the deed made by Brazeau to convey this land to Apoline, must in law be supposed to be informed of the legal import of its provisions, and Apoline can be charged with no fraudulent concealment from him, and therefore not liable to any other penalty than the re-payment of the consideration money and interest with costs of suit. The circuit court, then for the reasons above given seems to have committed no error in this decision. Its judgment is therefore affirmed and the plaintiff in error will pay the costs of prosecuting this appeal.

NOV. TERM 1839.

Collins
vs.
Adm'r of Cla-.
morgan.

An estate was granted to A with a condition annexed, that she should not sell or incumber the same before attaining the age of 25 years, B with a full knowledge of this condition, took a conveyance of the estate from A previous to her attaining that age. After attaining the age of 25 years, A conveyed the estate to C, who evicted B. Held, that in an action of covenant by B against A, the consideration money paid by B to A, and interest thereon, were the measure of damages, and not the present value of the property.