Tong et al., Appellants, v. Matthews et al., Respondents.

1. The measure of damages in an action on a covenant of warranty is the purchase money with interest.
2. The fact that a recorder may have entered of record in his office deeds of conveyance of lands subsequently sold and conveyed by himself, raises no presumption that at the time of his own conveyance he was aware of a defect in his title.

*Appeal from St. François Circuit Court.*

The facts sufficiently appear in the opinion of the court.

*Noell*, for appellants.

*Frissell*, for respondents.

SCOTT, Judge, delivered the opinion of the court.

This is an action of covenant for a breach of warranty on the sale of lands. The measure of damages assumed by the court was the purchase money paid with interest. This has always been understood to be the rule as to damages in such actions in this state. (Tapley v. Labeaume's Exec'r, 1 Mo. 393 ; Martin v. Long, 3 Mo. 391 ; Dunnica v. Sharpe, 7 Mo. 71.)

An attempt was made to increase the damages by showing that the vendor was guilty of a fraud in not disclosing his knowledge of a want of title in himself. The cause was tried by the court, and the fact of fraud was negatived by its finding. We are entirely satisfied with the finding of the court. The fact that the vendor, as recorder, had copied deeds in which the land warranted was conveyed, together with many others by a third person, was very slight, if any evidence, of knowledge of a defect in his title. Miserable would be the condition of recorders, if they were required at their peril to take notice of and bear in mind the contents of every deed they copied. The weight of such evidence would be determined by circumstances. Here, it has been considered by the court, and we see no reason for disturbing the finding. The other judges concurring, the judgment will be affirmed.