Nov. Term, 1857.

OVERHISER v. McCollister.

---

OVERHISER, Executor, *v.* McCollister.*

Covenant commenced under the old practice. After the code of 1852 came in force, the defendant filed an answer, which though no defense under the old action of covenant, would have been available in chancery. If its allegations had been proved, it would have reduced the plaintiff's damages to a

---

* The opinion in this case, though returned by Judge HANNA, was in the handwriting of Judge GOOKINS, his predecessor.

Nov. Term,
1857.

OVERHISER
v.
McCOLLIS-
TER.

nominal sum, and might have defeated the action. It was rejected. *Held,*
that this was error; the defendant was entitled to the benefit of it.
The measure of damages upon a breach of the covenants of seizin and the
right to convey is, as a general rule, the purchase-money and interest; but
if there has been a technical breach only, and the covenantee has lost nothing,
he can recover only nominal damages.

*Monday,
January 4,
1858.*

APPEAL from the *Blackford* Circuit Court.

HANNA, J.—This was an action of covenant commenced
in 1851, by *Mc Collister* against *Roderick Craig*, in his life-
time, and prosecuted to judgment against *Overhiser*, his
executor, after the death of *Craig*. The action was brought
upon the covenants contained in a deed of conveyance,
executed in 1849 by *Craig* to *Mc Collister*. The consid-
eration expressed in the deed was 300 dollars. The cove-
nants upon which breaches were assigned were, that *Craig*
was "lawfully seized of a good and indefeasible tax-title
to the premises," and that he had "good right to sell and
convey according to a deed that he, the said *Roderick Craig*,
held, made to him by *Jacob Brugh*, clerk, acting as auditor
of *Blackford* county, *Indiana.*" After these, and a cove-
nant against incumbrances suffered by the grantor, the
deed proceeds: "And the said *Roderick Craig* forever quit-
claims the above described premises, and the quiet and
peaceable possession thereof to the said *Joseph Mc Collis-
ter*, his heirs," &c. There is a joint breach of the cove-
nants of seizin, and right to convey, assigned, in this, that
the paramount title was in one *Mc Gill*, at the date of the
deed, and at the commencement of the suit.

The defendant filed nine pleas, which do not require
particular notice. The progress of the cause was arrested
at this point, by a bill in chancery, the object of which was
to reform the deed; but the attempt proved unsuccessful.
These proceedings delayed the cause about three years.
After the determination of the chancery suit, the pleading
was resumed. In the meantime, the code of 1852 had
come in force, and the defendant filed an answer in seve-
ral paragraphs, alleging that before the commencement of
the suit the plaintiff had sold and delivered possession of
a portion of the land described in the deed, to one *Ken-*

*nedy*, for 700 dollars, being the full value of the land and all improvements, and had executed a bond to said *Kennedy*, conditioned for the conveyance of it to him, by a deed which should be sufficient to convey, assure and confirm to him a title, as good and indefeasible as he had from *Craig*, which bond had been assigned to *Craig*, in *September*, 1851, after the commencement of the suit.

On the plaintiff's motion, this answer was rejected, and the defendant's subsequent application for leave to file it was refused.   These rulings were excepted to.

There was a jury trial—verdict for the plaintiff for 547 dollars—new trial refused, and judgment, to be levied *de bonis testatoris*.

The rejection of the answer, and the refusal to permit it to be filed, are assigned for error.   A provision of the code is as follows:

" In actions already commenced, the pleadings to be had to form issues, the manner of procuring testimony, the examination of parties, the trial and rendition of judgment, and all other proceedings, shall conform to the provisions of this act, as far as practicable."   2 R. S. p. 223, § 799.

Under this provision, if the matters set up in the answer were available as a defense, in whole or in part, the defendant should have had the benefit of it.   The facts sought to be pleaded did not constitute a legal defense to the original action of covenant.   To have made them available, the defendant would have been compelled to resort to a Court of chancery, and there they would have entitled him to relief against the judgment, which the plaintiff obtained.

The code provides that the defendant may set forth in his answer any legal or *equitable* defense he may have. 2 R. S. p. 39, § 56.   It is true that when the suit was commenced, *Craig* had not purchased in the bond of *Mc Collister;* but independent of that fact, if what the defendant offered to allege and prove was true, that the plaintiff was still in possession, receiving the benefits of his purchase, and selling a portion of the land to *Kennedy* for double what he had paid for the whole of it, those facts constitu-

ted an equitable defense, and the code gave him the benefit of it. It existed in equity when the plaintiff brought his action, and reduced his claim to merely nominal damages. The defendant attempted to plead it before the code was in force; but as it was not cognizable at law, a demurrer to the plea setting it up was sustained.

The measure of damages upon a breach of the covenants of seizin and the right to convey, is, as a general rule, the purchase-money and interest. Rawle on Covenants, 84, 85. But if there has been a technical breach only, and the covenantee has lost nothing, he can recover no more than nominal damages. This rule is recognized in *Martin* v. *Baker*, 5 Blackf. 232, and is obviously just. As the answer which the Court rejected, would, if its allegations had been proved, have reduced the plaintiff's claim for damages to a nominal sum, or might have defeated the action entirely, its exclusion was an error which must reverse the judgment.

It may be objected to this view, that the plaintiff was pursuing a lawful remedy until the code came in force, and that this defense ought not therefore to have been interposed. The case stands thus: The plaintiff was pursuing a legal remedy, in which there was no equity. Had he obtained judgment, a Court of equity would have interposed by injunction, and his recovery would have been rendered fruitless. At this point, a statute takes effect making the equity which would have been the foundation of an injunction, available as a defense. It provides further, that in suits then pending, proceedings to form issues shall be governed by it; and it abolishes the Court of chancery as a separate tribunal. The plaintiff's rights, so far as he had any, might have been saved by requiring the defendant to pay the costs of the action to the time of interposing the defense, and this should have been done.

*Per Curiam.*—The judgment is reversed. Cause remanded, with instructions to the Circuit Court to permit the defendant to file his answer, on payment of all costs in the action to the time it was offered to be filed; and

with leave to the parties to amend their pleadings. Judgment for the appellant for costs here.

*J. Brownlee*, for the appellant.

*W. March* and *J. R. Buckles*, for the appellee (1).

(1) Counsel for the appellee cited authorities to the following points: