Lambert v. Estes.

LAMBERT v. ESTES, *Appellant.*

1. **Land**: COVENANT OF WARRANTY : SURRENDER BEFORE EVICTION. A vendee of land threatened with eviction may surrender possession to the holder of the paramount title, and still maintain an action on his covenants of warranty.

2. ——: ——: ——. In such case, however, he assumes the risk of showing that the claimant had the paramount title.

Lambert v. Estes.

3. ———: ———: ———: DAMAGES, MEASURE OF. The measure of damages in such case is the purchase money, with six per cent. interest from the time of yielding possession.

4. **Covenant of Warranty** : ACTION FOR BREACH OF : CONSIDERATION OF DEED. The defendant in an action for breach of a covenant of warranty may testify whether the plaintiff had paid the consideration named in the deed.

5. ———: ESTOPPEL. The defendant in an action for breach of a covenant of warranty is estopped to assert that his deed owing to a defective description conveyed nothing.

*Appeal from Cape Girardeau Circuit Court.*—Hon. J. D. Foster, Judge.

REVERSED AND REMANDED.

*W. H. Miller* for appellant.

(1) The testimony shows conclusively that, at the time plaintiff surrendered the possession of the premises to Bollinger, he, and those under whom he claimed, had held open, notorious, adverse and continuous possession for more than ten years next before such surrender; and had he required the claimant to have brought his suit in ejectment, and thus given his grantor an opportunity to have defended said title, this defendant could have successfully resisted such suit on the plea of the statute of limitations. Upon a proposition so simple it is deemed unnecessary to cite authorities. (2) If there was no consideration paid by Lambert to Estes, then no damage could have been recovered. The measure of damages in a case of this kind is the amount of the purchase money and interest. *Smith v. Price,* 48 Mo. 347 ; Sedgwick on Damages, secs. 175 and 206. The consideration expressed in a deed is always open to explanation. It is but *prima facie* at best. *Altringer v. Copeheart,* 68 Mo. 441 ; *Bobb v. Bobb,* 89 Mo. 411. It will not do to say that the answer did not raise the question, for whatever

is necessary for plaintiff to prove to establish his right to recover may be controverted by the defendant under a general denial. Hence the assignment of error numbered 3 is well taken, and ought to work a reversal of this case. (3) The deed, which is the basis of this suit, was, and is, void, for the reason that it contained no description from which it could possibly be located; and that defect is patent and not subject to oral explanation, and the refusal of the court to sustain defendant's objection thereto was error. *Charles v. Patch,* 87 Mo. 450; *Brown v. Walker,* 11 Mo. App. 226; *Brown v. Walker,* 85 Mo. 262; *Coe v. Ritter,* 86 Mo. 277. That instructions numbered 3 and 4, given for the respondent, improperly declared the law is fully shown by the following authorities: *Cockerell v. Procter,* 65 Mo. 41; *Conklin v. Railroad,* 65 Mo. 533; *Morburg v. Thornton,* 1 S. E. Rep. (Va.) 909. As to interest when not recoverable: *Hutchins v. Roundtree,* 77 Mo. 500; *Taylor v. Priest,* 21 Mo. App. 685; *Priest v. Deems,* 22 Mo. App. 276; *Hunt v. Marsh,* 80 Mo. 396.

*Wilson Cramer* for respondent.

(1) Plaintiff had a right to yield without eviction. The only result of his doing so was to cast upon him the burden of showing that he gave way to the better title. This was clearly stated in plaintiff's third instruction. *Hall v. Bray,* 51 Mo. 288; *Morgan v. Railroad,* 63 Mo. 129. (2) The rule as to the measure of damages in cases of this character was properly declared in plaintiff's fourth instruction to be that plaintiff is entitled to the purchase money with six per cent. interest from the time of eviction. *Hutchins v. Roundtree,* 77 Mo. 500. (3) The land is described by metes and bounds, and is stated in the deed to be in sections 31 and 32, township 33, range 11. The indefiniteness of the description cannot avail the defendant. It is his deed, and the survey

made by C. W. Henderson shows that the land surrendered to Bollinger was in the northeast quarter of the northeast quarter, section 31, township 33, range 11, Bollinger county. (4) When testifying, defendant Estes said: "The consideration Lambert paid me was two hundred dollars." His counsel then asked him: "Was this consideration ever paid?" This question was objected to and the objection sustained, and properly, because counsel had no right to cross-examine the witness and the matter was incompetent. (5) The deed from Estes to Lambert recites the payment of the purchase money, and defendant admitted its payment when on the stand. Yet it is contended that he should have been permitted to disprove payment to defeat this action. Defendant is estopped to deny the receipt of the consideration. (6) Plaintiff recovered judgment in May, 1886. By the appeal the paltry sum recovered has been withheld from him till now. The appeal is without merit, and the judgment should be affirmed with damages.

SHERWOOD, J.—Action for breach of the covenants of warranty in a deed of land, the covenants being the ordinary statutory ones. The land is situate in the counties of Bollinger and Cape Girardeau, and is described in the deed thus: "Commencing at a rock for a corner, marked thus X, about ninety yards up Big Whitewater from the mill of Estes and Lambert, said rock, or beginning corner, stands on the west bank of Big Whitewater. Thence runs up a drain in a southwest course to a stone for a corner, marked thus X. Thence runs a northwest course, so as to include the house and garden where the said Felix G. Lambert now lives, to a stone for a corner, marked thus X. Thence running east to a stone for a corner, marked thus X, on the bank of Big Whitewater, so as to include the spring, to the beginning corner. All of which is in sections 31 and 32, in township 33 north, of range 11 east, and containing about four acres."

The answer was a general denial, and also collusion between plaintiff and Bollinger, who was shown by plaintiff upon the trial to have the paper title.

The controversy is in regard to that portion of the land lying in Bollinger county. To overcome the paper title, the defendant attempted to show a title by limitation. The plaintiff was not evicted by Bollinger; but was served by him with notices demanding possession and was threatened with an action of ejectment, and thereupon yielded the possession to Bollinger and brought his action as aforesaid.

Plaintiff was not compelled to wait until his eviction occurred. He had a right to yield possession to the holder of the paramount title, taking upon himself, however, the risk of showing that Bollinger had that title. *Hall v. Bray*, 51 Mo. 288; *Morgan v. Railroad*, 63 Mo. 129; *Ward v. Ashbrook*, 78 Mo. 515, and cases cited. And the measure of his damages is the purchase money with six per cent. interest from the time of yielding possession. *Hutchins v. Roundtree*, 77 Mo. 500.

Instructions were given in behalf of plaintiff in conformity to the foregoing views, and instructions were also given in behalf of the defendant as to the effect of ten years adverse possession on the part of defendant and those under whom he claimed. The jury found for the plaintiff, giving him a certain amount of damages.

There was error in the refusal of the court to permit the defendant to testify whether the plaintiff had paid the consideration expressed in the deed. This question went to the very heart of the plaintiff's cause of action, because if he paid no consideration it stands to reason he had suffered no damage, and was not entitled to recover what he had not paid. The effect of the testimony offered on this point was *not to overthrow the deed as a conveyance;* but merely to show just what was the amount paid, if any, or that none at all was paid. Rawle on Cov. [5 Ed.] secs. 173, 174, and cases

cited ; 1 Sedgwick on Dam. [7 Ed.] 342, and cases cited ; 3 Washb. R. Prop. [5 Ed.] 401-2 ; *Bobb v. Bobb*, 89 Mo. 411, and cases cited.

Now, in relation to the description in the deed, it is certainly very peculiar ; but it seems it was capable of being located, and was located, by those familiar with the *locus in quo*. Apart from this the defendant would be estopped from asserting that his deed, owing to a faulty description, conveyed *nothing*, and therefore he could escape a judgment on his covenants.

For the error aforesaid, the judgment will be reversed and the cause remanded. All concur.