## HAZELETT v. WOODRUFF, Appellant.

### Division One, June 14, 1899.

1. **Breach of Warranty in Deed**: COSTS: ATTORNEY'S FEES. Where defendant's deed to plaintiff contained a covenant for seizin and also the further covenant that defendant would warrant and defend the title so conveyed against all claims whatsoever, plaintiff is entitled to recover from the covenantor all costs and attorney's fees reasonably incurred by him in defending any suit brought by other lawful claimants to the land, even though such claimants dismiss such suit before judgment, pay the court costs, and convey by deed their interest to the covenantee.

2. ———: DEED MADE IN ANOTHER STATE. And where such deed is for the conveyance of lands in another State, and there is no evidence offered at the trial as to what the covenantor's liability is under the law of such State for the breach of his warranty, the court will presume that the law of the *forum* is the law governing his liability.

*Transferred from Kansas City Court of Appeals.*

REVERSED AND REMANDED (*with directions*).

SALLEE & GOODMAN and McCULLOUGH & PEERY for appellant.

(1)   The court erred in overruling defendant's objection to the introduction of evidence under the petition, because, admitting every allegation contained in it to be true, plaintiff could not recover.   The measure of damages where there is a total failure of title, thus causing an absolute breach of the covenant of seizin, is the purchase money and interest.   To this may be added the costs of the action where the evicted party has given the convenantor notice.   3 Wash. on Real Prop. (3 Ed.), 419; 2 Sutherland on Damages, pp. 257-263; Dickson v. Desire, 23 Mo. 166; City of St. Louis v. Bissell, 46 Mo. 157; Hutchins v. Roundtree, 77 Mo. 500; Lambert v. Estes, 99 Mo. 608; Matheny v. Stewart, 108 Mo. 73.   (2) This is unquestionably the law of this State, and as there was no evidence as to what is the law of Indiana, the court will presume it to be the same as the law of the forum, or at least the law of the forum will be the rule of decision.   Flato v. Mulhall, 72 Mo. 552; Sloan v. Torrey, 78 Mo. 623; White v. Chaney, 20 Mo. App. 389; Hofheimer v. Losen, 24 Mo. App. 652; Bain v. Arnold, 33 Mo. App. 631; Selking v. Hebel, 1 Mo. App. 340; Clark v. Barnes, 58 Mo. App. 667.   (3)   The damages sued for in this action are neither the purchase money nor costs.   The items in plaintiff's claim are $50 for attorney's fees, $10 for a fee to an abstractor for an abstract of the title, and $150 for the services of an agent in looking up the evidence.   There could be no demand for the purchase money

with interest, for the adverse claimant released to the plaintiff all his interest, and presumably paid the costs of the action commenced in Indiana, as the record is silent upon the subject. Plaintiff was not entitled to judgment, even if all the allegations of the petition were confessed, and the court erred in overruling the objection to the introduction of evidence. As the defendant was not liable at all, the defect was one of substance, and the objection should have been sustained. Freymark v. Bread Co., 55 Mo. App. 435; Weber v. Ins. Co., 5 Mo. App. 51. (3) The petition admits that the plaintiff was not evicted by the alleged paramount title. Not only this, but no judgment was taken against him. In fact the party who held this title not only dismissed his suit, but actually conveyed to this plaintiff all his interest in the land, without plaintiff being required to pay anything to extinguish said claim. It is clear, therefore, that plaintiff could not, in any event, be entitled to more than nominal damages. Cockrell v. Proctor, 65 Mo. 1; Collier v. Gamble, 10 Mo. 467; Bircher v. Watkins, 13 Mo. 521; Dickson v. Desire's Admr., 23 Mo. 151; Murphy v. Price, 48 Mo. 247; Lewis v. West, 23 Mo. App. 503; Holladay v. Menifee, 30 Mo. App. 207; 4 Am. and Eng. Ency. of Law, 480. (4) Indiana is as to Missouri courts a foreign State. Buckner v. Finley, 2 Pet. 59. (5) Before the laws of a sister State can be introduced in evidence they must be pleaded. Hanley v. Donahue, 116 U. S. 1; Garrett v. Conklin, 52 Mo. App. 654; Clark v. Barnes, 58 Mo. App. 667.

D. J. & W. L. Heaston for respondent.

(1) Where the grantor in a warranty deed is notified of suit by adverse claimant having paramount title it is his duty to defend, and upon his failure the grantee may defend and grantor will be liable for reasonable costs including attorney's fees. Crisfield v. Stoor, 36 Md. 129; Ryerson v. Chapman, 66 Me. 557; Lane v. Fury, 31 Oh. St. 574; Harding v. Larkin,

41 Ill. 413; Keeler v. Wood, 30 Vt. 242; Pitkin v. Leavitt, 13 Vt. 379; Kennison v. Taylor, 18 N. H. 220; Staats v. Ten Eyck, 3 Caines 111; 2 Suth. on Damages (1 Ed.), 301, 306 and 308; McAlpin v. Woodruff, 11 Oh. St. 120; 2 Devlin on Deeds, 934; Sedgwick Dam. (4 Ed.), 186; Hutchins v. Roundtree, 77 Mo. 508; Matheny v. Stewart, 108 Mo. 79; Rawle on Cov. Title (3 Ed.), 98-101; Meservey v. Snell, 62 N. W. 767; 4 Am. and Eng. Ency. of Law, 480; 28 Am. and Eng. Ency. Law, 850; Rowland v. Shelton, 25 Ala. 217; Pitcher v. Livingston, 4 Johns. 1; Bennett v. Jenkins, 13 Johns. 50; Baldwin v. Munn, 2 Wend. 399; Dimmock v. Lockwood, 10 Wend. 142; 2 Suth., Dam. (1 Ed.), 221; Walker v. Deaver, 5 Mo. App. 139. (2) The sections of the Indiana statute were properly admitted in evidence. Where the action is founded upon the law of another state, or a right or penalty given by such statute, then such statute should be pleaded; but where the foreign law is not the basis of the action, but merely an evidential part thereof, it may be proved without being pleaded. Clark v. Barnes, 58 Mo. App. 671; Banchor v. Gregory, 9 Mo. App. 102; Charlotte v. Chouteau, 33 Mo. 194; Flato v. Mulhall, 72 Mo. 522; Bain v. Arnold, 33 Mo. App. 631; Meyer v. McCabe, 73 Mo. 236. (3) Indiana having been part of the Northwestern Territory this court will presume the common law is in force there without further proof. The common law of England is also directly adopted in Indiana by statute. R. S. Indiana 1881, sec. 236; Stevenson v. Cloud, 5 Blackf. 92; Railroad v. Shriver, 6 Ind. 141; Dawson v. Coffman, 28 Ind. 220; Grimes v. Harmon, 35 Ind. 198; Hofheimer v. Losen, 20 Mo. App. 658.

BRACE, P. J.—This is an action for damages for breach of a covenant of seizin and warranty, in a deed to real estate, in which the plaintiff obtained judgment in the trial court for the sum of eighty-five dollars and costs, and the defendant took an appeal to the Kansas City Court of Appeals, where the judgment of the circuit was reversed; but one of the judges

Hazelett v. Woodruff.

dissenting, and being of the opinion that the decision was in conflict with prior decisions of the Supreme Court, the case was certified to this court for final determination. The case was disposed of in the court of appeals on the following opinion by SMITH, P. J.:

"The case in hand may be stated to be in substance this: While plaintiff and defendant were both residents of the State of Indiana, the defendant by deed conveyed to the plaintiff certain lands in that State in which deed the following covenants were contained, that is to say, 'that the title so conveyed is clear, free and unincumbered; that the grantor is lawfully seized of the premises as a sure and indefeasible estate of inheritance in fee simple; and that the grantor will warrant and defend the same against all claims whatsoever.'

"It is conceded that at the time of the execution of said deed the defendant had title to only an undivided two-thirds of said land, and that his two daughters and son had title to the other one-third. It is further conceded that shortly after the execution of said deed by defendant his two daughters conveyed their interest in said land to the son, who thereupon commenced a suit in partition against the plaintiff herein.

"It is not disputed in the evidence that the plaintiff gave the defendant timely notice of the commencement of the said partition suit and requested him to defend the same and that this the defendant refused to do. The plaintiff then employed a firm of reputable lawyers, who appeared for him in said partition case, and filed an answer. Nor is it disputed that the services performed by the plaintiff's lawyers in and about defending the partition suit were reasonably worth the amount he paid them therefor.

"It appears that after the defendant had refused to defend said partition suit and the plaintiff had taken such steps in that direction as he had been advised by his attorney were necessary for him to take, the defendant's son executed and delivered to plaintiff a deed conveying to him the outstanding

title to one-third interest in the said land by which said con-
veyance the plaintiff's title became perfect.    The defendant's
son then dismissed the partition suit; paying the court cost
that had accrued therein.

"The plaintiff brought this action on the covenants con-
tained in the said deed made by defendant to plaintiff and here-
inbefore set forth, to recover the amount laid out and ex-
pended by him for fees paid his attorneys in said partition suit
and for the cost of an abstract of title to said land.    The
plaintiff had judgment in the trial court and the defendant
appealed.

"The defendant's deed to the plaintiff as has been seen
contained not only a covenant for seizin, but the further cov-
enant that defendant would warrant and defend the title so
conveyed against all claims whatsoever.    If at the time of the
execution of the deed the defendant was not seized, then no
title passed and the covenant was broken when made.    The
plaintiff in the partition suit asserted a paramount adverse title
to an undivided third interest in the land and if the defendant
herein, after he had been notified of the commencement of
the said partition suit, refused to defend the same, then there
was a breach of the covenant for quiet enjoyment as well.
For these breaches of the covenants of the warranty the plain-
tiff was entitled to recover of the defendant in an appropriate
action such damages as were given by the *lex loci contractus*.

"There is no evidence contained in the record of the laws
of the State of Indiana, relating to the measure of damages
where there is a breach of one or both of the covenants just
mentioned.    There is no proof of the statutes or the decisions
of that State relating to the subject disclosed by the record.
We can not take judicial notice of the statutes and decisions
of sister States.    Where a cause of action or defense inter-
posed is based upon the law of another State that law must be
both pleaded and proved, but when it is not the basis of the
action or defense and is merely an evidential part thereof, it

may be proved without being pleaded.    [Clark v. Barnes, 58 Mo. App. 667.]

"The common law was in force in the territory of Indiana at the time of its admission into the Union as a State.    It is only in respect of those States which were never subject to the common law that, in the absence of proof as to the *lex loci contractus*, the court will apply the statute laws of the forum. [Flato v. Mulhall, 72 Mo. 522; White v. Chaney, 20 Mo. App. 389; Barhydt & Co. v. Alexander & Co., 59 Mo. App. 188; Wyeth Hardware Co. v. Lang, 54 Mo. App. 147.]    On common law questions the presumption is, that the common law of another State is the same as that of our own State. [White v. Chaney, *supra*.]    As the only question presented by the record for decision is that of the measure of damages, we think it is obvious from the principles just adverted to, that it must be resolved in the light of the common law.

" 'The weight of American authority' says Judge SCOTT, 'in Lawless v. Collier, 19 Mo. 480, 'has determined that the covenant for seizin is broken, if broken at all, as soon as it is made, and thereby an immediate right of action accrues to him who has received it. . . . The damages to be recovered are measured by the actual loss at that time sustained.'    The authorities are agreed that where this covenant is broken the convenantee is entitled to recover no more than nominal damages [Collier v. Gamble, 10 Mo. 467; Bircher v. Watkins, 13 Mo. 522], until he had bought in the adverse right or has been actually 'deprived of the whole subject of his bargain,' in either of which latter events he has the right to recover substantial damages.    [Holladay v. Menifee, 30 Mo. App. 207; Lawless v. Collier, *supra;* Henderson v. Henderson, 13 Mo. 151; Walker v. Deaver, 79 Mo. 664; Dickson v. Desire's Admr., 23 Mo. l. c. 166; Magwire v. Riggin, 44 Mo. 512; St. Louis v. Bissell, 46 Mo. 157; Hutchins v. Roundtree, 77 Mo. 500; Lambert v. Estes, 99 Mo. loc. cit. 608; Matheny v. Stewart, 108 Mo. 73.]    And whatever may be the technical

or the practical rule as to the measure of damages upon total breach of the covenant of seizin, it is well settled that upon a partial breach a purchaser may and it seems must recover *pro tanto.* [Rawle on Covenants for Title (5 Ed.), sec. 186, and cases cited in note 3; Guthrie v. Pugsley, 12 Johns. (N. Y.) 126; Collier v. Gamble, *supra.*]

"The measure of damages upon breach of covenant of seizin and the right to convey is as a general rule the purchase money, interest and costs. [Collier v. Gamble, *supra;* Bircher v. Watkins, *supra;* Lawless v. Collier, *supra;* Rawle on Covenants for Title (5 Ed.), secs. 184, 186; Overhiser v. McCollister, 10 Ind. 41.] No case that we have seen has extended the rule beyond this.

"It would seem that the damages claimed by plaintiff are not allowed for breach of the covenant of seizure.

"But is the plaintiff entitled to recover the damages claimed for a breach of the covenants to 'warrant and defend the title against all claims whatever?'

" 'Littleton tells us that although the words "warrant and forever defend" were those generally inserted in a warranty, yet the word "defend" added no additional force, as it seemeth that it hath not the effect of warrantee, nor comprehendeth in it the cause of warrantee.' [Coke on Litt., sec. 733.]

"In Rawle on Covenants (5 Ed.), sec. 116, it is stated that: 'Apart from the word "warrant," the covenant would seem to be no more than an engagement that it should bar the covenantor and his heirs from ever claiming the estate, and that he and they should undertake to defend it when assailed by a paramount title. The latter was, indeed, one of the consequences of a warranty, and its effect in this respect has been continued, though with modifications, down to this day.' And the same author further along, sec. 117, states that 'it is settled in most if not all of the United States, that in general, upon suit being brought upon a paramount claim against one who is entitled to the benefit of any of the covenants of

warranty, he can, by giving notice of the action to the party bound by the covenants and requiring him to defend it, relieve himself from the burden of being obliged afterwards to prove, in an action on the covenants, the validity of the title of the adverse claimant.'

"The covenant of warranty or for quiet enjoyment is a covenant of indemnification, whose object is to compensate the covenantee for his actual loss at the time of the breach.

"In Field on Damages, sec. 467, it is said that: 'The decisions on this question are somewhat conflicting and various in the different States. In several states it has recently been held, that the measure of damages on a breach of warranty in a deed, is the value of the property at the time of the conveyance, and interest thereon, together with the necessary costs and expenses incurred in defending the title, and that such costs and expenses include a reasonable counsel fee,' citing, Robertson v. Lemon, 2 Bush. (Ky.) 301; Dalton v. Bowker, 8 Nev. 190; Keeler v. Wood, 30 Vt. 242; Rowe v. Heath, 23 Tex. 614. In Sedgwick on Damages, sec. 238, it is said that: 'In an action for breach of the covenants of seizin or of warranty, the costs and, if reasonably defended, the counsel fees in the eviction suit are recoverable,' citing as authority for the statement of the rule a great number of English and American cases. In Sutherland on Damages (2 Ed.), sec. 983, it is said that: 'It is generally held that counsel fees reasonably incurred in maintaining or defending an action may be recovered,' citing many cases in note d.

"It would seem that in a large number of the States, it is the rule in actions for breach of the covenant of warranty or which is the same thing, that for quiet enjoyment, to allow as part of the damages the reasonable fees of attorneys employed by the covenantee in defending the title conveyed by the deed containing the covenant, but in this State the rule seems to be an unbinding and inflexible one which limits the damages in

such actions to a recovery of the purchase money, interest and costs. [Matheny v. Stewart, 108 Mo. 73; Lambert v. Estes, 99 Mo. 604; Hutchins v. Roundtree, 77 Mo. 500; Murphy v. Price, 48 Mo. 247.]

"The deed was made in contemplation of the laws of the State in which it was executed, and if we could take judicial cognizance of the laws of that State, as we can not, it would be seen that the measure of damages for breach of the covenant of seizin, as well as of that of warranty, is precisely the same as in this State. [Burton v. Reeds, 20 Ind. 87; Overhiser v. McCollister, 10 Ind. 41; Wood v. Bibbins, 58 Ind. 392; Coleman v. Lyman, 42 Ind. 289.]

"In Matheny v. Stewart, *supra*, the question whether in an action for the breach of the covenant of warranty attorney's fees expended in defending an action brought by the owner of the outstanding title to recover possession should be allowed as a part of the covenantee's damages, was fairly presented for decision. That item of damage had been disallowed by the trial court, and its action was affirmed by the Supreme Court. It is true that it is said in disposing of the question that such fees are not allowed in the State of Mississippi where the covenant was made and the land situate, but it is also further said in the same connection that the measure of damages in such cases in this State is limited to the purchase money, interest and the court costs.

"It seems, therefore, that the rule for the measure of damages in this State is the same amount in an action for the breach of the covenant of seizin as that for the breach of the covenant of warranty; that is to say, in either case the recovery is limited to the purchase money, interest and cost.

"In the face of this procrustean rule we are constrained to declare that the trial court erred in its action refusing the defendant's request for an instruction in the nature of a demurrer to the evidence. The judgment must accordingly be reversed."

In Matheny v. Stewart, 108 Mo. 73, the plaintiff sought to recover as damages the value of the land at the time of the eviction, court costs, attorneys' fees and necessary expenses in defense of the suit. The contract was made in Mississippi. The judgment of the circuit court was for the purchase price of the land and interest thereon from the date of eviction, and the judgment was affirmed. It was, therefore, of course decided, that the plaintiff in that case could recover neither court costs nor attorneys' fees. But as appears from the opinion therein, for the all-sufficient reason, that the paramount title being simple, palpable and unambiguous, and the plaintiff's grantor having notified him to make no defense. There was no merit in the defense of the title. It is true it was said, in the opinion, in reply to the argument that the damages should be the enhanced value of the property, that "the rule of damages for breaches of warranty in the conveyance of land, in case of total failure of title, has ever been limited in this State to the purchase money paid with interest thereon, and costs. [Dickson v. Desire's Admr., 23 Mo. loc. cit. 166; Hutchins v. Roundtree, 77 Mo. 500; Lambert v. Estes, 99 Mo. loc. cit. 608.] The rule seems to be the same in Mississippi: Phipps v. Tarpley, 31 Miss. 433; Brooks v. Black, 8 So. Rep. 332; White v. Presly, 54 Miss. 313." Having thus disposed of the plaintiff's first claim, the learned judge then proceeds to the second, the court costs, as to which, he says; "There can be no question, we think, under a covenant as in this deed to warrant and defend the title, that the grantee should ordinarily recover, as damages for the breach of such covenant, the legal costs reasonably and in good faith incurred in the assertion or defense of the title warranted. [3 Sedg. on Dam. (8 Ed.), sec. 982; Hutchins v. Roundtree, 77 Mo. 501.] This is the rule also in Mississippi, though followed with apparent reluctance. [Brooks v. Black, 8 So. Rep. 322.]" After which he proceeds, to the plaintiff's third claim, for attorney's fees, etc., as to which all that is said is:

Hazelett v. Woodruff.

"Attorney's fees are also allowed as damages in many of the States [Sedg. on Dam., *supra*], but are denied in the State of Mississippi. [Brooks v. Black, *supra*.] This conveyance was made in contemplation of the laws of the State in which it was made and in which the real estate was situated, and effect should be given the covenants in accordance with the construction placed upon them by the courts of that State." After thus intimating that the charge for attorney's fees ought not to be allowed because not allowable under the laws of Mississippi, but without making any specific ruling upon the subject, he returns to the item of costs and says: "The reasonable cost of defending the title should have been allowed, unless that item of damage was properly excluded under some exception to the rule," and then proceeds to state the facts, showing the folly and uselessness of making a defense of the title in that case, after notice not to defend by the grantor, taking it out of the rule that the defendant should be taxed with the costs of making it. Of course, if he could not be charged with the costs of making the defense *a fortiori*, he could not be taxed with attorney's fees for making the defense. So it was unnecessary to return to that subject again. The decision as to the costs in that case was decisive of the claim for attorney's fees. But under the rulings of that case, the plaintiff in the case under consideration would have been allowed his legal costs, and the ruling of the court upon the facts in judgment therein would not preclude a recovery of either costs or attorney's fees in a case like the one in hand. If that case is authority for precluding the recovery of attorney's fees by plaintiff herein, it is not because of the rulings upon the facts in judgment therein, but of something contained in the *dicta* of the opinion. As the contract in this case, as is shown in the opinion of Judge SMITH, is governed by the law of the forum, nothing that is directly said upon the subject of attorney's fees in the opinion, is applicable. So that we are remitted for authority solely to the *dictum* that "the rule of

damages for breach of warranty in the conveyance of land in case of total failure of title has ever been limited in this State to the purchase money paid with interest thereon and costs." For the purpose of determining whether "it has ever been so limited in this State" we have gone through all the cases. The first case in which the rule was announced is Tapley v. Lebeaume's Ex'r, 1 Mo. 550, in which it was held that the true rule of damages on a breach of covenant of seizin is the purchase money, with interest, and as thus announced it was followed and reiterated as the true measure of damages for breaches of covenants of seizin and warranty through a great number of cases. [Martin v. Long, 3 Mo. 391; Colgan v. Sharp, 4 Mo. 263; Collins v. Clamorgan, Admr., 6 Mo. 170; Reese v. Smith's Ex'r, 12 Mo. 345; Bircher v. Watkins, 13 Mo. 522; Lawless v. Collier's Ex'r, 19 Mo. 480; Dickson v. Desire's Adm'r, 23 Mo. 151; Tong v. Matthews, 23 Mo. 437; City of St. Louis v. Bissell, 46 Mo. 157; Murphy v. Price, 48 Mo. 247; Kirkpatrick v. Downing, 58 Mo. 32; Hutchins v. Roundtree, 77 Mo. 500.] This last case was decided in 1883. In all the preceding cases, the damages had been limited to the "purchase money and interest," because in the facts presented for the judgment of the court in those cases that was a sufficient declaration of the rule as to the measure of damages. But in Hutchins v. Roundtree the question was first raised and presented, whether in addition thereto the plaintiff was not also entitled to recover the costs expended in defending the title warranted; and the court unhesitatingly responded: "There is no question of the right of an evicted grantee to recover such costs where he gave notice to the grantor or his legal representative of the pendency of the ejectment suit." The fact that theretofore the damages had been limited to the purchase money and interest, was not thought in that case to preclude a recovery of legal costs in defending the title, and although the rule was again restated in the same general terms in the next case of Lambert v. Estes, 99 Mo. 604, when there-

after the case of Matheny v. Stewart, 108 Mo. 73, came on to be decided in 1891, in which the question as to the allowance of attorney's fees as well as of costs was raised, the court unhesitatingly stated the rule as including costs, showing again that the court did not consider that that item had been precluded by the terms in which the rule had been theretofore so often and uniformly formulated, but in none of which had the mind of the court been directed to the question of the right to recover costs. So the general statement of the rule including cost, in that case, can not of itself be held to preclude a recovery for attorney's fees, that being the first case in which the question as to the right to such recovery was first raised. So that we perceive in our decisions no "procrustean rule" that excludes the allowance of attorney's fees as well as legal costs as necessary expenses in defending the title warranted. And as in principle no distinction can be made between the two items, and as such allowances are supported by the great weight of authority, and the facts of this case bring it within the principles upon which such expenses should be allowed, we think the court of appeals erred in reversing the judgment of the circuit court. Its judgment will therefore be reversed, and the cause will be remanded to the Kansas City Court of Appeals with directions to enter judgment affirming the judgment of the circuit court.

All concur.