———o———

SOLOMON G. KITCHEN, Respondent, *vs.* THE CAPE GIRARDEAU AND STATE LINE RAILROAD Co., Appellant.

1. *Practice, civil—Defense of fraud—Triable by jury, when.*—Fraud, when set up as a defense against a legal demand—and not as a ground for independent equitable relief—raises an issue which is properly triable by a jury.
2. *Corporation—Employment of agent—Charter powers.*—A corporation may employ an agent to perform services consonant to its general design, without any specific authority for that purpose, conferred by the charter.
3. *Witness—Deposition of—Reading of to witness with question whether the same is true, when improper.*—Counsel cannot read his former deposition to a wit-

ness, and then put the question, whether the statements contained therein are true, unless on a proper foundation laid for that purpose, he designs to show some inconsistency in the deposition, or to impeach the credibility of the witness. Whether the deposition may be used to save time in asking questions, is a matter purely in the discretion of the court, which cannot be reviewed in the Supreme Court.

4. *Corporation—Suit against on contract for services—Proof as to promise to pay and offer of services—Allegation as to rescission of contract made by defendant with another corporation, etc.*—In suit against a corporation for alleged services under a contract with the company, *held*, 1st, that the contract to employ and pay plaintiff having been shown, it was not necessary for him to prove a subsequent and distinct promise to pay, nor a further offer on his part, from time to time, to perform his services, after he had once notified the company of his constant readiness to do so, and had furnished them with his address, so that notice might reach him at any time; 2nd, that in such case, where the engagement was to cease in event that a certain contract of defendant with another company was rescinded, the petition need not allege that such contract continued in force, such averment being a matter of affirmative defense.

5. *Practice, civil—Instructions—Facts ignored in, etc.*—One party to a suit cannot object that certain issues were ignored in instructions given for the opposite party, where they were sufficiently embodied in those given in his own behalf.

6. *Practice, civil—Verdict—Evidence—Supreme Court will not interfere, when.*—It is a long settled and salutary rule that, where in a civil action at law, the verdict appears to have been fairly controlled by the weight of testimony and the trial court has acquiesced in it, this court will not attempt to review the evidence, especially when honesty of intention forms the chief matter of inquiry.

### *Appeal from Mississippi Circuit Court.*

*Fletcher & Reynolds*, for Appellant.

I. The answer converted this case into an equitable proceeding, and it was error to give the case to a jury. (Weil vs. Kume, 49 Mo., 158 ; Freeman vs. Wilkerson, 50 Mo. 554.)

II. The burden was on the plaintiff to show the authority of the company to make the contract sued on. (Hesse vs. Mo. State Mut. Fire Ins. Co., 21 Mo., 91 ; Hardesty vs. Newby, 28 Mo., 567; Sone vs. Palmer, 28 Mo., 539 ; Angel Corp., 223, 234.)

*Kitchen, Pope & McGinnis, with Louis Houck*, for Respondent.

I. Where fraud is pleaded as a defense to an action at law for the recovery of money, and the answer does not show a state of facts entitling the defendant to equitable relief, then the question of fraud can be passed upon by a jury. (Swayze vs. Burke, 12 Pet. 11, 21; Sto. Eq. Jur., § 60.)

Lewis, Judge, delivered the opinion on the court.

The petition stated in substance, that defendant, by a resolution of its board of directors, adopted May 23, 1870, employed plaintiff as its general agent, with an extensive range of powers and duties for the management of its external affairs; that his salary was to be $10,000 per annum, and the engagement was to continue at least six months, or until a contract made on the same day by defendant with the Cairo and Fulton Railroad Company, should be rescinded; that plaintiff entered immediately upon the discharge of his duties, and thenceforth was at all times willing, and held himself in readiness, to perform any services which might be required of him, as such agent, by defendant, for the said term of six months; that defendant had failed and refused to pay, etc., wherefore plaintiff demanded judgment for $5.000.

The answer, after general denials, set up for defense that the adoption of the resolution employing plaintiff, was without authority, and was procured by false and fraudulent representations; that plaintiff represented himself as an officer and large stock-holder in the Cairo and Fulton Railroad Co.; that he had great personal influence with capitalists in this country and in Europe, and with County Courts of certain counties; that as agent for defendant, he would procure a transfer from the Cairo and Fulton R. R. Co. of valuable franchises and property, including from 200,000 to 400,000 acres of land, and would obtain large county subscriptions to the capital stock of defendant, besides other great aids and advantages to defendant in building its railroad; that these representations were relied upon by defendant, and were the whole inducement to the adoption of the resolutions; but that they all proved to be false and fraudulent, so that de-

fendant realized none of the promised benefits; that defendant, before ascertaining the falsity of said representations, paid to plaintiff, on account of said agency, the sum of $1,943.16, which defendant claimed a right to recover back with interest.

It was also alleged that plaintiff rendered no services under his pretended contract of agency, but abandoned the same wholly, and that defendant had rescinded the contract soon after its date, and discharged the plaintiff upon discovery of said frauds.

A reply was filed by plaintiff, putting in issue all the new matter contained in the answer. The verdict and judgment were in favor of the plaintiff, for the amount claimed less the payment proved by defendant.

When the case was called for trial the plaintiff demanded a jury, to which defendant objected, on the ground that its answer introducing an equitable defense, made it a chancery case which must be tried by the court. His objections were overruled, and a jury was sworn. There was no error in this ruling. The answer was not in the nature of a cross-bill, demanding equitable relief. The defense of fraud against a legal demand, raises an issue which is properly triable by a jury. (Swayze vs. Burke, 12 Pet., 11.) In the case of Freeman vs. Wilkerson, (50 Mo., 554) relied on by defendant, the answer set up a distinct claim to equitable relief.

The plaintiff's testimony tended to prove the allegations in the petition. At its close the defendant asked the court to instruct the jury that the plaintiff could not recover because he had omitted to prove that defendant was authorized by its charter to make the alleged contract. The refusal so to instruct is assigned for error.

In the absence of charter restrictions, the power of a corporation to make contracts is usually measured by the general objects and purposes of the incorporation. It is always presumed that a corporate body may make any proper contract whose scope and tendency are manifestly to forward the design of its legislative creation. It is often necessary, how-

ever, to prove the charter power, where the contract in issue is of a character foreign to such general design. In this case the answer sets out at length the purposes of defendant's incorporation, from which it appears that the agency under consideration was created, if at all, expressly to carry out or advance those purposes. It was therefore, right to refuse the instruction.

In the course of the trial many exceptions were saved by defendant, touching the admission or exclusion of testimony. We do not find any of them available for a showing of error. While the plaintiff was under cross-examination as a witness, defendant proposed to read to him his deposition previously taken ; and to ask him whether all the statements contained therein were true at the same time disclaiming any intention thereby to impeach the credibility of the witness. The plaintiff's objections to this was properly sustained. The witness was present for examination upon all the facts within his knowledge. His previous narration of them could not modify their effect, and was wholly immaterial, unless upon a proper foundation it was employed to show some inconsistency, or otherwise to impeach the testimony in its credibility. Whether the deposition might have been used to save time in asking questions, was a matter purely within the discretion of the court, and is not a proper subject for revision here.

Objection was made to the introduction of a resolution adopted at the expiration of six months after plaintiff's appointment, in which defendant's board of directors declared the appointment revoked. The admission of this testimony could not prejudice the defendant's case. If it had a tendency to show that the board treated the contract as in force up to that time, such a tendency was entirely legitimate. There was no point in the case upon which it could mislead the jury.

It was not necessary for either the petition or the proofs to show that the defendant made a distinct promise to pay the plaintiff at a date subsequent to the making of the contract. If the contract was not a nullity, it created of itself a

sufficient obligation to pay without any additional promise. Nor was it essential, as defendant assumes, that the plaintiff should have continually offered to perform the work pertaining to his agency, through the whole period of his engagement. It was sufficient for him to allege and prove that he was in constant readiness. He announced this to the president of defendant, furnishing his address, so that a notice might reach him whenever his services should be required. If, after this, it was still requisite that he present himself from time to time, with an offer to perform work, it might be claimed with equal propriety that he should so present himself on every day, or in every hour of every day. It nowhere appears in the testimony that the plaintiff omitted or neglected any specific work which the nature of his agency required to be done, or which was demanded of him by the defendant.

It is urged for defendant, that inasmuch as the engagement with the plaintiff was to cease in the event of a rescission of the contract with the Cairo and Fulton Railroad, therefore, the petition was defective in its omission to allege that the latter contract was not rescinded at any time during the six months. We cannot see the force of this objection. Neither the existence nor the continuance of the Cairo and Fulton R. R. contract was made a condition precedent to the creation of contract liabilities between the plaintiff and defendant. The possible rescission was merely a condition subsequent, in the nature of a defeasance. Its effect would be similar to that of a rescission of their own contract by the parties themselves. It would be unusual for a petition, after setting out a contract sued on, to add a distinct allegation that the parties had not agreed to cancel it. If there was a rescission of the Cairo and Fulton R. R. contract; this was matter of affirmative defence, which there was no need for the plaintiff to anticipate by a negative, either in allegation or proof.

We can find no error in the instructions given for the plaintiff. They embodied the law of the case substantially

as it appears upon the points already treated in this opinion, No instructions were refused on the application of defendant. Those given for it covered every ground of defense with the utmost liberality permitted by the law in its behalf.

The defendant complains that two points in its defense were ignored in the instructions given for the plaintiff, and also in the overruling of its motion for a new trial. These were: 1, that the contract was obtained by fraud on the part of the plaintiff; and 2, that there was proof of a rescission of the contract by the defendant on the 2nd of July, which the plaintiff accepted by withdrawing himself from all further service.

The defendant's instructions embraced these points in all their extent; so that no harm was done by their omission from the plaintiff's. There was nothing in the structure of the plaintiff's instructions which demanded a recognition of these matters, in order to a proper statement of the law upon the hypotheses which they presented.

As to the motion for new trial, we do not perceive that the defendant's proofs at the trial were conclusive against the verdict, as is claimed. Upon the question of fraud it would be difficult to say from the evidence, that any of the plaintiff's representations were known by him to be untrue. Most of the facts embraced by them were as fully within the defendant's means of knowledge as the plaintiffs. The one upon which the most stress was laid, was that the Cairo and Fulton Railroad Company had been sold out by the State, with all its franchises and property, long before the time when the plaintiff was proposing great advantages to be derived by defendant from that defunct corporation. It sufficiently appears that the defendant's officers were as fully aware as the plaintiff of the "sell out," and its public history. The legal effects, as far as shown, had not been the subject of any final adjudication, and were open equally to the speculative opinions of either party. Either or both might prove wrong in such opinions, without a ground for any suspicion of willful fraud. Similar views are applicable to the plaintiff's

Kitchen v. The Cape Girardeau & State Line R. R. Co.

statements of what he might be able to accomplish through his influence with outside parties.

If failure of accomplishment were conclusive proof of insincerity in the undertaking, the result might be otherwise. But the instructions given for the defendant placed all these considerations so fully and properly before the jury, that their verdict can only be regarded as a finding for the plaintiff upon the naked issues of fact, and as fairly controlled by the weight of testimony. The trial court having acquiesced in in the verdict, we should depart from a long settled and salutary rule were we to undertake here to strike a balance between the verdict and the evidence—especially in a case where honesty of intention forms the chief matter of inquiry.

An attempt is made to show that the obtaining of the lands of the Cairo and Fulton Railroad Company, and of the county subscriptions, etc., were in fact the consideration and precedent condition upon which defendant promised to pay plaintiff a salary of $10,000 per annum. But this is not sustained by the contract as proved. Such of those matters as were not included in a separate contract made at the time between the two railroad companies, were mere matters of inducement and representation, whose legal tendencies were fairly announced in the instructions.

The judgment below must be affirmed; Judge Wagner absent; the other judges concur.

NOTE.—The foregoing opinion was delivered at the October Term, 1874. A motion for re-hearing was filed at the same term and continued. At the present term this motion was overruled. Hence, the appearance of the opinion in the present volume.