JAMES D. WHITE, ADMINISTRATOR, v. C. W. PRESLY.

1. COVENANT OF WARRANTY. *Passes by execution sale.*
   A covenant of general warranty passes with the land, as well by judicial as voluntary sale; and a vendee by title-bond, who, having procured a conveyance to a third person, has purchased the land under judgment against such person, may sue on the warranty of the original vendor.

2. SAME. *Eviction.*
   The eviction of the heirs of the substituted grantee, by one who takes and holds possession under a title paramount to that of the original vendor, is sufficient to support such action.

3. SAME. *Evidence in action thereon.*
   The deed from the original vendor to the substituted grantee is the foundation of the suit, and competent as evidence.

4. SAME. *Damages.*
   The damages may be the sum paid at the execution sale, with interest, if that does not exceed the purchase-money received by the covenantor.

5. SAME. *Immaterial error in admission of evidence.*
   The introduction of the title-bond, being not prejudicial to the defendant, will not vitiate a verdict against him.

ERROR to the Circuit Court of Leake County.

Hon. W. B. CUNNINGHAM, Judge.

*Raymond Reid*, for the plaintiff in error.

*George Huie*, on the same side.

1. The bond for title was irrelevant, and could shed no light on the issue. The deed warranted the title to Jones, and could not support the action by Presly.

2. The eviction of the heirs of Jones could not avail Presly.

3. Presly had been paid. He had his judgment satisfied by the sheriff's sale and his purchase of the land. He could not make the estate of Huntington twice liable for the same damages. If so, Jones's heirs were the parties entitled. 4 Kent Com. 462 ; 3 Parsons on Contracts, 225.

*Frank Johnston*, for the defendant in error.

1. The covenant of warranty for title runs with the land, until breach, to the heirs and assigns. Rawle on Covenants for Title, 318, 334, note 2, 340, 399. It passes to a purchaser at sheriff's sale. Rawle on Covenants for Title, 334, note 2 ; *Carter* v. *Denman*, 3 Zabr. (N. J.) 260 ; *Redwine* v. *Brown*, 10 Ga. 311 ; 1 Nott & M'Cord, 104 ; 3 Met. 85. The land being in the adverse possession of one holding under title paramount, the covenant is broken. Rawle on Covenants for Title, 154.

2. The title bond and deed were admissible. The latter was the foundation of the action ; the former was illustrative of the attitude of the parties, and, at all events, could do no harm.

3. The damages should be the consideration paid and interest. 2 Wash. Real Prop. 421. The recovery did not exceed that measure. The costs of the ejectment against Jones might have been included. *Staats* v. *Ten Eyck*, 3 Caines, 111.

CHALMERS, J., delivered the opinion of the court.

Huntington sold a tract of land by title-bond to Presly. Presly, without having paid it out or received a deed, sold to Jones. By agreement, Jones paid to Huntington the amount due by Presly, and received a deed directly from Huntington. Subsequently, Presly recovered a judgment against Jones,

levied on and sold the land, and received a deed therefor from the sheriff. He brought ejectment against Jones to recover possession of the land under the deed from the sheriff; but while his suit was pending, one Hooper, who was the owner of an outstanding paramount title (better than that proceeding from Huntington), also brought ejectment against Jones, recovered judgment, and evicted Jones's heirs (he being dead) under writ of *habere facias possessionem.*

It being thus rendered certain that Presly could recover nothing under his ejectment suit based upon the sheriff's deed, the same was by him dismissed, and this action brought against the administrators of Huntington, who had died, to recover upon the covenant of warranty contained in the deed executed by Huntington in his lifetime to Jones. It is urged that Presly cannot recover upon this covenant, because it is to Jones and his heirs, and not to Presly, and the latter has no conveyance from the former. It is said that Jones's heirs alone can maintain such a suit.

This position is unsound in both of its branches. The covenant of general warranty runs with the land, and inures to the benefit of him who is the owner of the defective title at the date of the breach. It passes as well by an involuntary as by a voluntary sale, and hence is transmitted by a sheriff's deed. Rawle on Covenants for Title (3d ed.), 352 and note 2.

The eviction in this case was of the heirs of Jones; but they were wrongfully in as against Presly, as well as against Hooper, the true owner. At the date of the eviction, therefore, Presly, and not Jones's heirs, was the owner of the defective title; and he, and not they, was entitled to sue for breach of the covenant.

It is said that there had been no hostile assertion of the paramount title against Presly. The eviction of Jones's heirs under the circumstances may well be considered as an eviction of him; and, at all events, the true owner of the paramount title was in before the institution of this suit; and this, according to all the authorities, is equivalent to eviction.

There was no error in the admission in evidence of the deed from Huntington to Jones. It was upon the covenants in

that deed that the suit was based; and its introduction was both proper and necessary. The admission of the title-bond, if wrong, could not have prejudiced the defendant.

·The measure of damages adopted seems to have been the amount paid by Presly· at the ·sheriff's sale. This was correct, it not exceeding with interest the amount of purchase-money received by.Huntington from Jones.

*Judgment affirmed.*