MATHENY *et al.*, *Appellants*, v. STEWART, *Adminis-
· trator, et al.*

DIVISION TWO.

1.  **Contract to Convey, Breach of :** MEASURE OF DAMAGES.  In a
    suit by a vendee against a vendor for failure to carry out a con-
    tract to convey real estate, the measure of damages is the full
    compensation for the injuries resulting from the breach, and good
    faith on the part of the vendor will not excuse or protect him
    from making his contract good by way of damages.

2.  **Conveyance :** WARRANTY, BREACH OF : MEASURE OF DAMAGES.
    When a conveyance of real estate becomes complete, the parties
    make and accept the covenants therein as measuring the liability
    of the grantor and the compensation of the grantee in case of
    breaches.  The contract becomes merged in the deed, and the
    remedy for losses is confined to such as is given by its covenants.

3.  ———— : ———— : ————.  Damages for breaches of warranty in the
    conveyance of land, in case of total failure of title. has always, in
    this state, been limited to the purchase money paid, with interest
    thereon and costs.

4.  ———— : ———— : ————.  Under a covenant in a deed to warrant
    and defend the title, the grantee should ordinarily recover as dam-
    ages for its breach the legal costs reasonably and in good faith
    incurred in the assertion or defense of the title warranted.

5.  ———— : ———— : ———— : ATTORNEY'S FEES.  Attorney's fees are not
    allowed as damages, in Mississippi, in a suit for breach of war-
    ranty of title contained in a deed ; and in a suit in this state, upon
    a breach of covenants in a deed made in that state, effect will be
    given the covenants in accordance with the construction placed
    upon them by the courts of that state.

6.  ———— : ———— : ———— : NOTICE BY WARRANTOR NOT TO DEFEND.
    One in possession of land under a deed of general warranty is
    ordinarily justified in making every reasonable effort to retain the
    land, notwithstanding the warrantor notifies him to make no
    defense, and acknowledges his liability on his covenants.  When,
    however, it is perfectly apparent that the defense of the title
    would be useless, he should not incur the expense, when notified
    by his grantor not to do so.

7. ——: ——: ——: ——. Where the title warranted was the life-estate only of the wife, it was, after her death, a useless expense to undertake to defend against the title of those to whom the reversion was granted in the deed to her, and after notice by his immediate warrantor the grantor should have surrendered his possession to those clearly entitled to it.

8. **Practice:** ELECTION. The doctrine of election cannot be applied in a suit to which the persons who are entitled to make the election are not parties.

*Appeal from St. Louis City Circuit Court.*—HON. L. B. VALLIANT, Judge.

AFFIRMED.

*Clifton & Eckford* for appellants.

(1) In the sale of lands, if the contract is speculative, then the measure of damage is compensatory, whether the contract be executed or executory in its form. And in construing the contract the courts will take into consideration the nature and character of the subject-matter; the purpose for which it was bought and sold; the purpose for which it was devoted; and in applying these extraneous circumstances to the written contract of the parties determine whether the loss was within the covenants or not. Sedg. Damages [3 Ed.], p. 164; 2 Sutherland, Damages, p. 221; *Bunny v. Hopkins*, 27 Beavan (R. C.) 565. (2) Where one contracts to sell and convey lands, knowing at the time that he has no such title, and afterward fails to perform his contract, or where one who owns a defective title to land contracts to sell and convey an indefeasible fee-simple title, and afterwards has it in his power to remedy or cure the defect in the title, and neglects or refuses to do so, or takes an active part in procuring the true owner to recover the lands, or otherwise violates his contract in bad faith, then in all such cases he is liable in damages for all losses with costs, etc. *Florean v. Thornhill*, 2 Wm. Black, 1087; *Bain v.*

*Forthergill*, L. R. 7 Eng. & Ir. App. 158; *Staats v. Ten Eyck, Ex'r*, 3 Caines, 111; *Baldwin v. Mun*, 2 Wendell, 406; *Engill v. Fetch*, L. R. 3 Q. B. 314; *Lady Cavan v. Pultney*, 2 Vesey, Ir. 544; *Hodgins v. Hodgins*, U. V. C. C. 146; *Allen v. Atkinson*, 21 Mich. 351; *Kilpatrick v. Downing*, 58 Mo. 38; *Hopkins v. Grazebrook*, 6 Barn. & Cress. 100; *Harman v. Robinson*, 1 Exch. (W. H. & G.) 849; *Pumpley v. Phelps*, 40 N. Y. (1 Hand.) 60; *Hammond v. Hannin*, 21 Mich. 374; *Drake v. Baker*, 34 N. J. L. 358; *Pinkston v. Huie*, 9 Ala. 255; *Mack v. Patchin*, 29 How. Prac. (N. Y.) 31. (3) Where a testator deals with the property of one who is a beneficiary under the will, the beneficiary must either waive the benefit given to him by the will or else acquiesce in the disposition made of his property by the testator. This doctrine of election and equitable estoppel also prevents the unconscientious assertion of rights which might have existed by other rules of law, unless prevented by the estoppel. It arises out of the principle that he who asks equity must do equity, and is administered by the law courts as well as by the chancery courts. Herman on Estoppel, ch. 17, pp. 467, 469; Wigram on Wills, ch. 19, pp. 249–50; 1 Pomeroy's Eq., p. 430, sec. 256; p. 503, sec. 462; p. 508, sec. 465; Swanston's note (B) to *Dillon v. Parker*, 1 S. W. Rep. 394; *Havens v. Sackett*, 15 N. Y. (1 Smith) 366; 2 Pomeroy's Eq., p. 258, sec. 802; *Horn v. Cole*, 51 N. H. 287.

*Frank M. Estes* for respondents.

(1) The measure of damages in this case is the purchase money with interest from date of eviction. 3 Wash. Real Prop. [3 Ed.] 419: Rawle on Cov. Title, 268–280; *Herndon v. Harrison*, 5 George (Miss.) 433; *White v. Pressly*, 54 Miss. 313; *Mack v. Patchin*, 42 N. Y. 167; *McGary v. Hastings*, 39 Cal. 360; *Crissfield v. Starr*, 36 Md. 150; *Brooks v. Black*, 8 So. Rep.

332; *Dickson v. Desire*, 23 Mo. 166; *Hutchins v. Roun-tree*, 77 Mo. 500; *Lambert v. Estes*, 99 Mo. 608. (2) The purchase money in this case recited in the deed is $114.25. This recital is *prima facie* true, and must be rebutted or it will be conclusive. *Hudley v. Buckner*, 6 S. & M. 77; *Brown v. Bartee*, 10 S. & M. 273; *Foster v. Hall*, 12 Pick. 92. (3) Under the rule existing in Mississippi attorneys' fees are not allowed in admeasuring the damages. Rawle on Cov. Title, 97; *Cowden v. Lockridge*, 60 Miss. 385; *Stauffer v. Garrison*, 61 Miss. 67; *Brinker v. Lienkauff*, 64 Miss. 236; *Brooks v. Black*, 8 So. Rep. 332. Plaintiff cannot recover because he has assigned and transferred his right of action against his immediate vendors and warrantors. Miss. Code, 1880, sec. 1507.

MACFARLANE, J.—This is an action to recover damages for breach of the covenants of warranty contained in a deed made by defendant's testator to a remote grantor of plaintiffs.

The facts as gathered from the abstract of record are in substance these: About the year 1840, one Atkinson Stewart conveyed certain lots in Aberdeen, in the state of Mississippi, to trustees for the use of his wife, Mary M. Stewart, during her life, and after her death to the use and benefit of the children of the grantor. In 1854, Mary M. Stewart, conveyed the lots for the express consideration of $114.25, to one John D. Robinson by deed, in which she covenanted to warrant and defend the title. Robinson, the grantee, took possession of the property at once, and made valuable and lasting improvements thereon, and afterwards used the same as a place of business. Robinson conveyed to R. A. Honea & Co., and they conveyed to plaintiff. The dates and character of these deeds are not given in the abstract.

Mrs. Stewart died in January, 1887, and left a will under which she devised this lot to defendant and

others, who were the children of her grantor and to certain of his grandchildren, and directed that the lots be recovered by the devisees, but made no provision for the protection of her covenantee. She also devised to defendant and another son certain notes she held against them, which appeared to have been accepted by them. These devisees were the only children of Atkinson Stewart, who survived the testator. Defendant, R. B. Stewart, is sued as the administrator with the will annexed of Mrs. Stewart.

In 1887, R. B. & T. W. Stewart, claiming as remaindermen, commenced suit against plaintiff for the possession of the lots, and for damages for their detention, and on February 11, 1889, obtained a judgment for the possession, and for $641.48, rents, and $150.50 court costs. In the defense of this suit, defendants incurred a liability for a large amount for attorneys' fees and expenses, not included in the judgment. Plaintiff Matheny transferred the "equitable interests" in his claim for damages to one Mrs. Junkins, who is joined with him as plaintiff.

The damages claimed by plaintiff for breach of the covenants of warranty are the value of the lot and improvements at the time of eviction, $3,000; court costs in defense of title, $150.50; attorneys' fees and necessary expenses in defense of suit, $850. It also appears that Honea & Co., plaintiff's immediate grantors, at the commencement of the ejectment suit in Mississippi, notified him not to defend, and acknowledged their liability as warrantors, and admitting that they, themselves, were liable for breach of their warranty to plaintiff, but denying liability for costs and expense, if the suit was continued.

The answer put in issue the allegations of the petition. The court declared the law to be that the measure of damages was the purchase price, with interest, and refused to declare, as requested by plaintiff, that he was entitled to recover, under the facts in this

case, the value of the property at the time of eviction, and the costs and necessary expenses of defending the ejectment suit. The judgment was for plaintiff for the purchase price of the land and interest thereon from date of eviction, from which plaintiff appealed.

We are called upon by plaintiff in this case, in a very able brief and earnest argument by his counsel, to apply a rule for the measure of his damages which will fully compensate him for all injury sustained. He insists that in order to make his compensation fully adequate to losses sustained by him, by reason of the breaches of warranty, he should be allowed, as damages, the full value of the land, at the date of his eviction therefrom, and not from the date of sale, and also all costs and expenses in defending his title and possession, including counsel fees.

The rule to allow as damages the enhanced value of the property sold has never been applied in this state, or the state of Mississippi, so far as we can learn, to actions for breaches of the covenants of title contained in deeds. For breaches of contracts to convey, full compensatory damages are allowed, under some circumstances, in England and most of the states of the Union. Allowance of such damages, or, as it is termed, the benefit of the bargain, is generally confined to those contracts which are tainted with fraud or deceit. In this state it is held that there is no more reason for denying full compensation for injuries resulting from a failure to carry out a contract for the conveyance of real estate, than one for the sale and delivery of personal property, or that the measure of damages in one case should differ from that in the other ; and that good faith on the part of the vendor would not excuse or protect him from making his contract good by way of damages. See discussion of question and review of authorities in *Kirkpatrick v. Downing*, 58 Mo. 32, and *Hartzell v. Crumb*, 90 Mo. 636.

When a conveyance of real estate becomes complete the parties make and accept the covenants therein as measuring the liability on the part of the grantor and the compensation afforded the grantee in case of breaches. The contract becomes merged in the deed, and the remedy for losses, when sought in its covenants, must be confined to such as they give.

The rule of damages for breaches of warranty in the conveyance of land, in case of total failure of title, has ever been limited in this state to the purchase money paid, with interest thereon, and costs. *Dickson v. Desire's Adm'r*, 23 Mo. 166; *Hutchins v. Rountree*, 77 Mo. 500; *Lambert v. Estes*, 99 Mo. 608. The rule seems to be the same in Mississippi. *Phipps v. Tarpley*, 31 Miss. 433; *Brooks v. Black*, 8 S. Rep. (Miss.) 332; *White v. Presly*, 54 Miss. 313. This rule has been recognized and acquiesced in for many years past; every conveyance is supposed to have been made in contemplation of the construction placed upon its covenants, and whether in all cases they give full and adequate indemnity is not considered sufficient ground for either changing the rule or grafting exceptions upon it.

There can be no question, we think, under a covenant as in this deed, to warrant and defend the title, that the grantee should ordinarily recover, as damages for the breach of such covenant, the legal costs reasonably and in good faith incurred in the assertion or defense of the title warranted 3 Sedg. on Dam. [8 Ed.] sec. 982; *Hutchins v. Rountree*, 77 Mo. 501. This is the rule, also, in Mississippi, though followed with apparent reluctance. *Brooks v. Black*, 8 S. Rep. 332.

Attorneys' fees are also allowed as damages in many of the states (Sedg. on Dam., *supra*), but are denied in the state of Mississippi. *Brooks v. Black*, *supra*. This conveyance was made in contemplation of the laws of the state in which it was made and in

which the real estate was situated, and effect should be given the covenants in accordance with the construction placed upon them by the courts of that state. The reasonable cost of defending the title should have been allowed, unless that item of damage was properly excluded under some exception to the rule.

Defendant insists that plaintiff is not entitled to recover the costs of defending the title, for the reason that his immediate grantor notified him to make no defense. We do not regard this alone as a valid objection. Undoubtedly, one in possession of land under a deed of general warranty is justified in making every reasonable effort to retain the land, though the warrantor notify him to make no defense, and acknowledge his liability on his covenants. To relieve a warrantor of this damage by a simple notice not to defend would impose the expense of defending doubtful titles on the covenantee in all cases in which it was to his interest to retain the land, rather than accept the price he paid for it and six-per-cent. interest thereon. When, however, it is perfectly apparent that the defense of the title would be useless, he should not incur the expense when notified by his grantor not to do so. The warrantor would fix his own liability when he gave the notice, and should have the right to avoid payment of unnecessary costs.

The deed under which Mrs. Stewart held title to this lot was simple and unambiguous, conveying to her use a life-estate only. She could convey to her grantee no greater title. It was, therefore, after her death, a perfectly useless expense to undertake to defend against the title of those to whom the reversion was granted under this deed. Under such circumstances, we do not think plaintiff was justified in incurring the costs of defending his possession, but, after notice by his immediate warrantor, should have surrendered it to those clearly entitled to it. Indeed, from what we are able to gather from portions of the record of the suit for

possession, which are found in this record, we infer the contest in that case was principally over the right of defendant to compensation for improvements made upon the land, and not over the title. In any event we think there was no merit in the defense of the title, and defendant should not be taxed with the costs of making it.

Defendant also undertakes to apply the equitable doctrine of election to increase his damages to the full value of the property at the time of the eviction, or at least to the value of the legacies bequeathed to the remaindermen. . We are unable to understand how the doctrine of election can be applied in a suit in which the persons who are to make the election are not parties, even if the ground for the application of the doctrine existed under the provisions of this will. The doctrine invoked is defined as follows: "One who accepts a benefit under a deed or will must adopt the whole contents of the instrument, conforming to all its provisions and renouncing every right inconsistent with it." *Havens v. Sackett*, 15 N. Y. 369. We can observe no inconsistent provisions of the will of Mrs. Stewart which requires an election. If any such right to demand an election existed, it should have been asserted in the suit for the possession of the property.

Judgment affirmed. All concur.