RAND, McNALLY & COMPANY, Respondent, v. CHARLES A. WICKHAM, Appellant.

St. Louis Court of Appeals, December 18, 1894.

1. **Action on Legal Demand:** DEFENSE OF FRAUD: TRIAL BY JURY. The defense of fraud to a legal demand—in this cause to a demand for rent under a lease—is triable by jury.  Nor does it matter that the defense concludes with a prayer for the cancellation of the contract sued upon; such prayer can be rejected as surplusage.

2. **Lease:** PROCURANCE THROUGH MISREPRESENTATION.  *Held,* in the course of discussion, that it may be shown in defense to an action on a lease, under which the lessee has not entered into possession, that the lease was entered into on the condition that a further letting, to wit, of premises adjacent to those leased, should be made to the lessee.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

REVERSED AND REMANDED.

*T. A. C. McManus* for appellant.

(1) The court erred in refusing a jury trial, because the defense was that the contract was obtained by fraudulent pretenses, which is a legal defense, and the plea shows a rescission of the contract by the appellant.

*Mason v. Evans*, Coxe, 182; *Barrow v. Bespham*, 6 Halst. 110; *Stoever v. Weir*, 10 S. & R. 25; *Stubbs v. Pyle*, 14 S. & R. 208. The fact that appellant prayed for a cancellation of the lease does not make the defense equitable, since on the facts there was no necessity for a resort to equity for a cancellation; nor would a cancellation be decreed as equitable relief, the legal remedy being ample and complete, and the cancellation was such as would be effected by a court of law. Beach on Equity Jurisprudence, secs. 538, 551 and 553; *Benoist v. Thomas*, 27 S. W. Rep. 609. The fact that equitable relief is asked does not render a cause one in equity, so as to justify a denial of a jury trial. *Hudson v. Carlyle*, 44 N. Y. 553; *Hyatt v. Meyers*, 73 N. C. 232. The defense of fraud to a legal demand raises an issue to be tried by a jury. *Kitchen v. Railroad*, 59 Mo. 514. (2) In this case the lease in evidence was at most but a contract, accompanied by the parol contemporaneous contract not inconsistent with one put in writing, or was a part of the contract of which the other part was not put in writing, and neither parts were inconsistent with each other, and effect should be given to both. *Green v. Steele*, 26 S. W. 973, and cases cited; *Kean v. Kolkschnaider*, 21 Mo. App. 538.

*Abott & Grant* for respondent.

(1) The contract having been reduced to writing, oral testimony can not be introduced to contradict or vary it, especially when the alleged conversation occurred prior to the execution of the lease. *Black River Lumber Company v. Warner*, 93 Mo. 374; *County of Johnson v. Wood*, 84 Mo. 489; *Miller v. Dunlap*, 22 Mo. App. 97; *Jones v. Shepley*, 90 Mo. 307; *Reed v. Nicholson*, 37 Mo. App. 646. The answer set up is an equitable

defense, and asked for equitable relief. The chancellor, having acquired jurisdiction of a part of the cause, will try the whole cause. *Allen v. Logan*, 96 Mo. 591, 598; *Estes v. Fry*, 94 Mo. 266, 271, and cases there cited.

ROMBAUER, P. J.—The plaintiff is an Illinois corporation, and sues the defendant for one month's rent which it claimed was due under the terms of a written lease. The defendant admitted the execution of the lease, but denied its binding force, claiming that its execution on his part was brought about by the fraud and misrepresentations of plaintiff's agents. The misrepresentations and facts constituting the fraud are stated in the answer as follows: The defendant was desirous of opening a restaurant in Chicago, and, with that object in view, called upon the plaintiff's agents, who showed him certain premises which they, as agents, had to let. The premises consisted of several rooms, only one of which fronted on a public street. The rooms were at that time occupied by other parties, but the agents agreed to obtain possession of them and deliver it to the defendant. They had some difficulty in obtaining possession of the front room, and thereupon persuaded the defendant to execute the lease in question with the understanding that they would procure for him a lease for the front room likewise, and that, unless they did so, the lease for the residue of the premises should have no effect. The agents were advised that, without the front room, the premises were wholly worthless to the defendant for restaurant purposes. They failed to procure a lease for the front room, not being able to obtain possession of it. The defendant never occupied the premises, or any part thereof. The answer concludes with a prayer for a judgment in defendant's favor for whatever money

he had paid on account to the plaintiff, heretofore, and also for a cancellation of the lease.

The affirmative matter in the answer was denied by reply. When the case was called for trial, the defendant demanded a jury. The court denied the request, stating that the pleadings showed an equitable defense and it was not a case for a jury. To this ruling the defendant excepted, and still excepts. The case was thereupon tried by the court, the parties respectively adducing evidence in support of the petition and answer. There was a judgment for the plaintiff, from which the defendant appeals, assigning, among other errors, the action of the court in refusing to him a trial by jury.

Actions for the recovery of money only are triable by jury. Revised Statutes, 1889, section 2131. In this case the petition and answer sought the recovery of money; hence the case was clearly triably by jury. It has been repeatedly decided in this state that the defense of fraud against a legal demand is triable by jury. *Kitchen v. Railroad*, 59 Mo. 514; *Earl v. Hart*, 89 Mo. 263; and that, even where an equitable defense is interposed, the right of trial by jury still remains. *Wolff v. Shaeffer*, 4 Mo. App. 367;, s. c., 74 Mo. 154. It is only where matters of law and equity are so blended that the case could not properly be tried by a jury and equity alone can afford relief, that the action is triable by the chancellor (*Kortjohn v. Seimers*, 29 Mo. App. 271); or where the matter of defense is of purely equitable cognizance as in *Allen v. Logan*, 96 Mo. 591, in which case the defense of a resulting trust was interposed to an action of ejectment. The mere fact that the answer concluded with the prayer for a cancellation of the lease, can make no difference. That was not the main relief asked by the defendant, but mere ancillary relief, which the court could have rejected as surplus-

age. It results from the foregoing that the judgment must be reversed for error in denying the defendant the right of a jury trial.

As the case will be remanded for new trial the following observations are pertinent. The defendant's answer states a good defense. That defense is not, as plaintiff assumes, that the meaning of the lease is different from its tenor, because that, of course, can not be shown. *James v. Clough*, 25 Mo. App. 147, 154. The defense is that the lease itself, having been procured by the false representations of plaintiff's agents as to a material matter, is of no binding force. That the representations formed a material inducement for the execution of the lease is apparent from the uncontroverted testimony of the defendant, as he seems to have had no use whatever for the rooms let to him without the use of the front room which was to be let in addition. If the defendant on a retrial can show that the representations were within the apparent scope of authority of the agents who made them, he will be entitled to the relief he asks, even through the representations where not within the express authority given by the plaintiff to its agents.

All the judges concurring, the judgment is reversed and the cause remanded.