JAMES F. SMYTH, Respondent, v. C. E. BOROFF, Appellant.

St. Louis Court of Appeals, March 21, 1911.

1. **GARNISHMENT: Liability of Garnishee: Fund not Property of Defendant.** A party cannot subject a fund in a bank to a garnishment, either at law or in equity, unless it is the property of the adverse party, or unless he has rights therein.

2. **JURY: Action for Breach of Contract: Action at Law: Right to Jury Trial.** An action declaring on several breaches of a written contract is an action at law, and issues of fact raised by the pleadings therein must, as required by section 1968, Revised Statutes 1909, be submitted to a jury.

3. **LANDLORD AND TENANT: Surrender and Acceptance: Liability of Tenant for Rent.** A lessor in a lease of two store-rooms for a gross rent, who, on the lessee vacating the prem-

ises, relets one of the storerooms with the lessee's consent and accepts rent from the new tenant, thereby accepts the lessee's surrender, and thereafter the latter is not liable for the rent of the other room.

4. ———: Stipulations in Lease: Waiver. Where a lease stipulated for a monthly rent of $100 and that the lessee should pay $50 to the lessor and credit $50 on notes executed by the lessor, and the lessor received all of the rents as they accrued, the stipulation as to giving him credit on the notes was waived.

5. COVENANTS: Action on Covenants: Expenses Incurred in Perfecting Title. A purchaser accepting a general warranty deed may not recover for expenses incurred in buying quitclaim deeds from third persons to perfect the title, unless the expenses resulted from an actual or constructive eviction, and then only in an action on the covenants in the deed.

6. REAL ESTATE: Contracts: Contract for Sale: Breach of Covenant: Action Will not Lie on Contract After Deed is Executed. While a contract for the sale of real estate is still executory, the law will enforce the right of the purchaser, under the contract, to a title clear of defects and incumbrances, but when the contract has been consummated by the execution and delivery of a deed, the entire matter is merged in the deed, and the covenants of that instrument alone prescribe the measure of the rights of the parties; so that, where a contract required a seller to convey land "by a good and proper conveyance," and the conveyance was duly executed, an action would not lie on the contract for money expended in perfecting the title.

7. ———: ———: ———: Perfecting Abstract: Recovery. Where a contract for the sale of real estate implied that the vendor should furnish a sufficient abstract, and the abstract furnished omitted to show the true state of the title, the purchaser, though accepting the abstract, believing it to be sufficient, could recover the reasonable expense of procuring a competent abstracter to show the omissions.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley*, Judge.

REVERSED AND REMANDED.

*Ward & Collins* for appellant.

(1) The court erred in refusing appellant a jury to try the issues in this case. An issue of fact in an action for the recovery of money only, or of specific real

or personal property, must be tried by a jury, unless a jury trial be waived. R. S. Mo. 1909, sec. 1968; Rand v. Wicksham, 60 Mo. App. 47; sec. 28, art. II, Const. of Mo.; Lee v. Conran, 213 Mo. 404; Ragan v. McCoy, 29 Mo. 356; Van Raalte v. Epstein, 202 Mo. 173; Frowin v. Page, 132 S. W. 241. (2) Plaintiff cannot recover for the months after his lease expired and for which he did not occupy this building, and for which plaintiff is suing in this "first alleged breach," because plaintiff waived notice, or his right to notice, in writing. If the lessee abandons the premises, and the abandonment is acquiesced in by the lessor, this operates as a waiver of notice from the lessee. Vegely v. Robinson, 20 Mo. App. 199; Cornelius v. Rosen, 111 Mo. App. 619. (3) The petition alleges that we contracted to "convey to plaintiff a good and sufficient title to land;" but the contract provides that we agree "to convey by good and proper coneyance." This we did when he made a warranty deed. So, if plaintiff has any cause of action now, it is upon a breach of warranty, and not upon this executed contract. Wheeler v. Ball, 26 Mo. App. 443; Brauckmann v. Leighton, 67 Mo. 248; Matheny v. Stewart, 108 Mo. 73.

*McKay & Corbett* for respondent.

(1) Where funds cannot be reached by statutory process, proceedings in the nature of an equitable garnishment is the proper proceeding. Pickens v. Dorris, 20 Mo. App. 1; Pendleton v. Perkins, 49 Mo. 565; City of St. Louis v. Lumber Co., 114 Mo. 74; Lackland v. Garesche, 56 Mo. 265. (2) This being a suit in equity and appellant refusing to submit any question of fact to be passed on by the jury, the court properly declined to order a jury. Keithley v. Keithley, 85 Mo. 217; Weil v. Kume, 49 Mo. 158; Bronson v. Wanzer, 86 Mo. 408. (3) A tenancy is not terminated by the mere act of the tenant in vacating the premises where the landlord does

not accept the surrender, but there must also be a proper legal notice given by the tenant of his intention to terminate the tenancy. 24 Cyc., sec. 7, p. 1390; Churchill v. Lammers, 60 Mo. App. 244; Chatman v. Tiffany, 70 N. H. 249; Duffey v. Day, 42 Mo. App. 638; Buck v. Lewis, 46 Mo. App. 227; Duffey v. Day, 42 Mo. App. 638; Churchill v. Lammers, 60 Mo. App. 244.

NORTONI, J.—This is a suit for damages alleged to have accrued to plaintiff because of defendant's several breaches of a contract. Plaintiff recovered and defendant prosecutes the appeal.

Plaintiff formerly owned a stock of merchandise and conducted a general store in a brick building owned by him at Caruthersville, which stock of merchandise he exchanged to defendant for 809 acres of land, a sawmill, a blacksmith shop, etc., in the State of Arkansas. As the stock of merchandise was not equivalent in value to the properties which plaintiff received from defendant, he also executed to defendant, as part of the consideration for the exchange, his two promissory notes for the sum of $2650 each at six per cent interest falling due, one in nine months after date and the other eighteen months thereafter. After the parties had reached an agreement with respect to the exchange of plaintiff's stock of merchandise at Caruthersville and his two notes for defendant's Arkansas land, sawmill, etc., the same was reduced to writing. This suit proceeds upon the written contract concerning this exchange of properties and declares upon four separate breaches of such contract. The written contract, among other things, recites that the parties had reached an agreement and that plaintiff, Smyth, thereby bound himself to exchange his stock of merchandise and the notes above mentioned to defendant, Boroff, for 809 acres of land in Arkansas, describing it, the sawmill, blacksmith shop, appurtenances, etc. And defendant Boroff agreed therein to convey the lands to plaintiff by a

"good and proper conveyance with abstract." By another provision of the contract, defendant Boroff rented from plaintiff all of the first floor of plaintiff's brick store building in Caruthersville, which consisted of two rooms and in which the stock of goods was then located, for the period of one year, at the agreed rental of $100 per month. As to this matter, a further stipulation is made to the effect that defendant should, each month as the rent accrued, pay $50 thereof to plaintiff and credit another $50 on plaintiff's two notes of $2650 held by him and which fell due respectively nine and eighteen months after the dates thereof. Another provision of the contract relates to hickory timber standing on the land exchanged by defendant to plaintiff and stipulates that defendant might cut on and remove from the land 35,000 feet of such hickory timber at five dollars per thousand, which he agreed to pay plaintiff therefor.

There are four breaches of the contract set forth in the petition and they relate alone to the four provisions above mentioned. The contract provides as well that, in the event defendant desired to terminate the tenancy as to plaintiff's store building, he should give thirty days' notice to that effect before the end of the year, and gave defendant an option to have a new lease for several years thereafter upon giving thirty days' notice that he so desired. Though the contract was dated February 10th, it appears defendant entered into posession of the store building thereunder on March 1, 1907, and continued therein until March 1, 1908, when he vacated the premises without written notice to plaintiff. Plaintiff immediately accepted rent at fifty dollars a month from one Fields who occupied one room of the store building with a grocery store, but the other room thereof remained unoccupied, except by plaintiff's sister, Mrs. Thompson, for seven months thereafter— that is, during the months of March, April, May, June, July, August, and September, 1908. The first breach of

the contract declared upon in the petition relates to this matter and reckons with the occupancy of one room of the building by Fields, who paid rent to plaintiff at fifty dollars per month during all of that time, for it declares that defendant breached his contract in omitting and refusing to pay plaintiff rent only at fifty dollars per month for the months of March, April, May, June, July, August, and September, 1908, in the total sum of $350.

The second alleged breach of the contract relates to the stipulation therein whereby defendant agreed to credit $50 per month of the rent for the building on the two notes of $2650 each which he held against plaintiff. It is averred substantially that, though the rent was fully paid for the year which defendant occupied the building and fifty dollars per month thereof was paid by Fields thereafter, defendant omitted and failed to credit fifty dollars per month of such rent on plaintiff's two notes held by him, each month as the rent fell due, during the year defendant occupied the building and during the seven months thereafter of March, April, May, June, July, August, September, 1908, when it was unoccupied by him, and that plaintiff was, therefore, required to pay interest accrued on said notes to the amount of $76.68, which would have been abated had defendant credited the notes as agreed.

The third breach of the contract declares upon the stipulation therein which bound defendant to convey to plaintiff the Arkansas lands by a "good and proper conveyance with abstract", and the breach averred is, that defendant failed and omitted to perform, in that plaintiff was required to and did expend $479.80 in perfecting the title to such lands after he had received the deed from defendant, wherefore he avers damage to that extent.

The fourth alleged breach of the contract goes to the effect, after an amendment during the trial, that defendant had breached the stipulation thereof with re-

spect to his cutting and removing 35,000 feet of hickory timber from the Arkansas land at five dollars per thousand, in that he had cut and removed therefrom, notwithstanding the limitation prescribed in the contract, 108,580 feet of such timber, etc.

The Bank of Caruthersville was made a party defendant, as though it were the custodian of funds of defendant, Boroff, to the amount of $520, which were not available to process at law. The averment as to this matter is to the effect that the bank held $520, which was then in dispute between these parties, as each claimed it. Both parties resided in Caruthersville and if this $520 were the monies of defendant, it was obviously subject to garnishment at law. But it is not averred that it belonged to defendant; on the contrary, the theory is, that it belonged to plaintiff. Plaintiff insists the suit is in equity as an equitable garnishment, and the court so treated the matter; but obviously the petition is without equity, for, unless the $520 were the property of defendant or he had rights therein, it is no more subject to the process of an equitable garnishment than it is to that of a court at law. According to the averments, it is entirely clear there is no equity in the bill, and the court should have discharged the Bank of Caruthersville, but instead it overruled its demurrer. The bank suffered judgment to go against it thereon, restraining it from paying out the money, and it has not appealed. Defendant, Boroff, requested a jury, but the court denied him the right on the theory the suit is one in equity. This was error. It is but a plain, ordinary common law action declaring upon four several breaches of a written contract and should have been so treated. On the pleadings the case is clearly one for a jury and the court should have so ruled. [1968, R. S. 1909; Rand, McNally & Co. v. Wickham, 60 Mo. App. 44, 47.]

Though the first breach relied upon asserts a right of recovery because defendant omitted to credit fifty

dollars per month on plaintiff's two notes held by him, the real gist of the matter is that he seeks to recover rent at fifty dollars a month from defendant for the months of March, April, May, June, July, August, and September of 1908. If plaintiff was not entitled to recover rent during those months, then it is entirely clear that defendant did not breach the contract in omitting to credit the notes for such amounts during that time, for the $350 prayed for on this score pertains alone to the rental for those months after defendant had vacated the premises on the first of March, 1908. As the contract stipulated for leasing the building for a definite term of one year only, of course no notice to terminate the same was necessary under our statute. But the contract stipulates notice should be given and because defendant failed to give the notice required, plaintiff insists he should receive rent for the seven months after the premises were vacated until he relet them to another tenant. Putting aside the question as to whether notice was necessary, and assuming the contract requirements touching that matter to be valid, notwithstanding the statute, it is clear plaintiff is entitled to no recovery whatever for the rents during the months from March 1st to September 30, 1908, for by immediately, on March 1st, accepting Fields as his tenant for one room of the store building, a surrender of the entire lease was operated as a matter of law. The lease between plaintiff and defendant involved the letting of the entire first floor of plaintiffs' brick building consisting of two storerooms. The evidence is conclusive that upon the very day defendant removed his stock of goods from plaintiff's building, March 1, 1908, plaintiff created the relation of landlord and tenant between himself and Fields as to one of the storerooms involved. Fields conducted a grocery store therein and paid plaintiff the rent therefor monthly at fifty dollars per month. Furthermore, it appears plaintiff's sister, Mrs. Thompson, who resided at his house as a member of his fam-

ily, moved a number of pianos and organs into the other storeroom covered by the lease and conducted a piano and organ business therein throughout all of the months above specified. It is true plaintiff left a bolt of domestic and a few articles in the building as well and it may be that the mere fact Mrs. Thompson, plaintiff's sister, occupied that room during the summer, would not operate an acceptance of defendant's abandonment so as to determine it a surrender as a matter of law, and amounts to no more than evidence manifesting an intention to be found by the trier of the fact. Be this as it may, a reletting of one of the storerooms by plaintiff to Fields with defendant's consent and accepting rent from Fields, who was in possession during the seven months referred to, operated a surrender of the lease between plaintiff and defendant as a matter of law. [Clemens v. Broomfield, 19 Mo. 118; 18 Am. and Eng. Ency. Law (2 Ed.), 361.] The court received evidence and gave judgment for plaintiff on the theory that defendant was responsible for rent of at least one room of the premises at fifty dollars per month during the months from March 1st to September 30th, inclusive, 1908, when there was no contractual relation whatever touching that matter, for the original lease is an entire contract, stipulating the rental of the two rooms at one hundred dollars per month, and when plaintiff accepted its abandonment by creating the relation of landlord and tenant between himself and Fields as to one room, the entire lease was surrendered, for there was but one contract of lease and who but the parties themselves could apportion it? There was no new arrangement between plaintiff and defendant as to apportionment of the rent as at fifty dollars for each room and, indeed, defendant insists throughout that he vacated the premises with plaintiff's consent, but of course that matter was for the jury, except for the fact plaintiff operated a surrender of the entire lease by creating the relation of landlord and tenant between himself and

Fields as to one room of the building at fifty dollars per month.

As to the second breach relied upon, the contract pointedly stipulates defendant should credit fifty dollars per month of the rent for the two rooms of the building on the two notes of $2650 each which he held against plaintiff, as such rentals fell due monthly. It is true this was not done as defendant pledged the notes as collateral security for a loan and they were not in his possession. But be this as it may, plaintiff was entitled, under the terms of the agreement, to have the credits made as provided and the failure to do so operated to impair his rights considerably, for the accruing interest on the two notes was not abated to that extent monthly as it otherwise would have been. We are unable to determine precisely the rights of the parties with respect to this matter, for the proof is not clear as to what was done about these payments. There is considerable evidence to the effect that plaintiff received the payments of fifty dollars monthly or indeed received the entire rental of one hundred dollars per month each and every month during the time defendant occupied the building. If such be true, then the provision of the contract as to crediting the amount on the notes was waived by him, for he could not accept the payments of one hundred per month as they accrued and then complain that defendant should have credited fifty dollars thereof on the notes on each succeeding pay day in order to abate the accruing interest thereon. If plaintiff received all of the rents as they accrued, then the money in his possession should be treated as accruing interest to him equivalent to that stipulated for in the notes.

The third breach alleged relates to the stipulation of the contract imposing the obligation on defendant to convey to plaintiff the Arkansas land by a "good and proper conveyance with abstract." It appears conclusively that defendant performed the full measure of

his obligation with respect to the conveyance by conveying the lands to plaintiff by a general warranty deed which was accepted at the time. The evidence for plaintiff tending to prove that he had expended several hundred dollars in buying quitclaim deeds from parties in order to perfect the title to the land thereafter should have been rejected, as he may not recover on account of these matters unless damages have accrued to him by an actual or constructive eviction and then only in a suit on the covenants, express or implied, in the deed. There is no suggestion in the case that plaintiff's title failed or that he was evicted, but aside from all of this, the executory contract requiring defendant to convey the lands by "good and proper conveyance" has been fully consummated. While a contract for the sale of real estate is still executory, the law recognizes and will enforce the right of the purchaser to a title clear of defects and encumbrances, but when the contract has become consummated, as here, by the execution and delivery of a deed, a different rule obtains. After the deed has been executed and delivered and the theretofore executory contract touching the matter fully consummated, the entire matter merges in the deed as the subsequent writing and the covenants of that instrument alone prescribe the measure of the rights of the parties. [Wheeler v. Ball, 26 Mo. App. 443; Matheny v. Stewart, 108 Mo. 73, 17 S. W. 1014; Brauckmann v. Leighton, 67 Mo. App. 245.] However, though it appears plaintiff accepted the abstract believing it to be sufficient, it was found thereafter to be incomplete in some respects. In view of this fact, he would be entitled to recover from defendant his reasonable expenditures in procuring the services of a competent abstractor to show therein such conveyances as were omitted, for the stipulation in the contract implied a sufficient abstract should be furnished and one which omitted to show the true state of the title at the time was insufficient though its defect resulted from mere inadvertence

The fourth breach alleged relates to defendant's cutting and removing from the Arkansas land 108,580 feet of hickory timber when he should have cut but 35,000 feet thereon. It is no doubt true that plaintiff could recover on this score if, at all, in trespass and it was unnecessary for him to declare upon the contract, but he could do so if he chose, as he did. There is evidence in the record tending to prove that defendant breached the contract in respect of this matter in so far as he cut and removed from the land more than 35,000 feet of timber for which he made compensation, as the contract clearly implies he should not cut more. The evidence is exceedingly meager and indefinite as to details, but it tends to prove defendant cut 108,580 feet of hickory timber from the land and paid for 35,000 feet only. It may be part of this was removed before the contract was executed, as defendant says; if so, of course, no breach occurred, except for that taken thereafter, but at any rate there is evidence for the jury on the matter and it cannot be, as defendant insists, that the court should instruct a verdict against plaintiff on this score.

There are other matters in the case which it is unnecessary to consider at this time, as no doubt the court will dispose of them properly on a retrial. For the errors above noted, the judgment should be reversed and the cause remanded. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.